**Dale Matthews, Plaintiff-Appellee, v. Robert Weiss, Defendant-Appellant.**

**Gen. No. 10,143.**

Third District.

January 2, 1958.

Released for publication January 20, 1958.

McMillen, Garman & Owen, of Decatur, for defend-
ant-appellant.

Louis L. Mason, and Francis R. Wiley, both of De-
catur, for plaintiff-appellee.

JUDGE ROETH delivered the opinion of the court.
Plaintiff filed suit to recover for personal injuries
sustained while riding as a passenger in defendant's
automobile. Defendant answered the complaint. De-
fendant thereafter on March 15, 1957 filed a motion
for summary judgment supported by the discovery
deposition of the plaintiff. The record reflects that
on the same day an order was entered by the presiding
judge "that the *hearing* on motion for summary judg-
ment be and the same is hereby set for March 26, 1957
at 9:00 A.M." (emphasis supplied) On March 26, 1957
plaintiff obtained leave of court to file counter-affida-
vits on or before April 3, 1957 and the hearing on the
motion was reset for April 3, 1957. On April 2, 1957
the order alloting the motion for hearing on April 3,
1957 was vacated and it was ordered "that the *hearing*
on motion for summary judgment be and the same is
hereby set for April 4, 1957 at 11:00 A.M." On April
4, 1957 and prior to the appointed time set for hearing
of the motion for summary judgment, plaintiff en-
tered a motion to dismiss the suit without prejudice as
being before trial or hearing begun. An order of dis-
missal was signed by the judge over the objection of
counsel for defendant. Defendant appeals from this
order of dismissal.

Defendant contends that the mere filing of the
motion for summary judgment with the deposition in
support thereof, constitutes the beginning of a hearing
so as to preclude dismissal except upon stipulation or

531

motion supported by affidavit. Sec. 52 (1) Chap. 110, Illinois Revised Statutes 1957. Counsel for defendant rely upon Bernick v. Chicago Title and Trust Co., 325 Ill. App. 495, 60 N.E.2d 442, in support of their contention. There a motion to dismiss had been filed under Sec. 48 of the Civil Practice Act setting up the defense of res adjudicata. The motion had been presented to the judge, argued by counsel and considered by the judge and taken under advisement. It was there held that a hearing had not only begun but had ended, with only the announcement of decision remaining. This case has no application to the record before us.

██ ██ We are not called upon to decide whether a hearing on a motion for summary judgment falls within the same category as a hearing on a motion filed under Sec. 48 of the Civil Practice Act. The sole question is whether, on the record before us, a hearing had begun, and this must be answered in the negative. It would seem that the mere recital of the foregoing facts as reflected by the record, should be sufficient to demonstrate that no hearing had begun in this case. The word "hearing" is a familiar term and is generally understood as meaning a judicial examination of the issues between the parties, whether of law or of fact. Anthony v. Gilbrath, 396 Ill. 125, 71 N.E.2d 84. Until such time as the motion and showing in support thereof together with the counter showing, if any, had been presented to the court for consideration and determination, no hearing had begun. Accordingly the plaintiff had the right to dismiss his suit on motion without prejudice on notice and payment of costs.

The judgment of the County Court of Macon county will be affirmed.

Affirmed.

CARROLL, P. J. and REYNOLDS, J., concur.