JASON ROHR, by his Father and Next Friend, Stephen Rohr, Plaintiff-Appellee, v. WILLIAM E. KNAUS *et al.*, Defendants-Appellants.

Fifth District No. 5—86—0250

Opinion filed March 24, 1987.

Richard M. Roessler, of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellant William E. Knaus.

Freeark, Harvey & Mendillo, of Belleville (Ray Freeark, of counsel), for appellants Stanton Schiller and Belleville Emergency Medical Services, Ltd.

Law Offices of William W. Schooley, of Granite City (William W. Schooley, of counsel), for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendants, William E. Knaus, Stanton Schiller, and Belleville

Emergency Medical Services, Ltd., have appealed under Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)) from the judgment of the circuit court of Madison County which granted plaintiff's motion of voluntary dismissal of his medical malpractice action under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). Pending at that time and set for hearing were defendants' motions for summary judgment (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005).

This cause is before the court on a stipulation of facts and the common law record. The complaint alleges that in 1976 the minor plaintiff, when 14 months old, suffered serious and permanent injury when administered an unreasonably dangerous product manufactured by defendant, Merck, Sharp and Dohme, a vaccine to immunize against measles, mumps, and rubella, at the Memorial Hospital Well Baby Clinic at Belleville, Illinois. Acts of negligence and medical malpractice are alleged against the appellants, Drs. Knaus and Schiller, and Belleville Emergency Medical Services, Ltd.

The original complaint was filed on September 30, 1980. Witnesses were deposed and the extensive hospital records were produced in discovery. On April 26, 1985, a pretrial order was entered requiring plaintiff to identify and produce for deposition his expert medical witnesses by June 15, 1985. Defendants were ordered to identify and produce for deposition their expert witnesses within 90 days thereafter, later changed by order to 90 days after motions for summary judgment were disposed of. In response to this order plaintiff named Dr. Robert Mendelson and Dr. Gerald Sugarman as expert witnesses.

After the depositions of plaintiff's expert medical witnesses were taken, defendants filed motions for summary judgment supported by the depositions of plaintiff's expert witnesses, the emergency-room nurse, and hospital records. After several continuances, the motions for summary judgment were set for hearing on March 21, 1986. On that date, prior to hearing on the pending summary judgment motions, and over objection of defendants, the court granted plaintiff's motion of voluntary dismissal pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009) as to these defendants, finding that no trial or hearing had begun and by order found no just reason for delaying enforcement or appeal. The cause is appealable under the holdings in *Dillie v. Bisby* (1985), 106 Ill. 2d 487, 478 N.E.2d 1338, and *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787.

Defendants argue that the voluntary dismissal procedure may

not be utilized if a defense motion which would terminate the litigation if allowed is on file until such motion is first heard and ruled upon. Defendants advocate "a principle that there should be no infringement upon the fundamental exclusive authority of the judiciary to render judgments."

Section 2—1009 of the Code of Civil Procedure provides that "[t]he plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." Ill. Rev. Stat. 1985, ch. 110, par. 2—1009.

■■ Defendants do not argue, nor does any authority suggest, that the filing of a motion for summary judgment is the commencement of a trial or hearing. (*Matthews v. Weiss* (1958), 15 Ill. App. 2d 530, 146 N.E.2d 809.) It has been broadly held that the voluntary dismissal statute grants plaintiffs the absolute privilege to dismiss regardless of the circumstances or motive. See, *e.g., Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787; *Davis v. International Harvester Co.* (1985), 139 Ill. App. 3d 264, 487 N.E.2d 385; *Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 484 N.E.2d 522.

While defendants acknowledge that prior case law would support plaintiff's privilege of voluntary dismissal, they reason the intent of the General Assembly in the use of the expression "trial or hearing" "was to include any proceeding which would determine the merits of the case" and result in a dismissal with prejudice. In support of their arguments defendants cite *Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 495, 60 N.E.2d 442. Before the court in *Bernick* was a motion filed under section 48 of the former Civil Practice Act (Ill. Rev. Stat. 1943, ch. 110, par. 48), now section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), alleging that the action then pending was barred by a prior judgment on the same cause of action. Unlike motions for summary judgment, which are directed to the presence or absence of genuine issues of material fact (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c)), which may change as a cause is prepared for trial, motions under section 2—619 are directed to defects or defenses which may not be cured by subsequent pleadings or the development of additional evidence. The holding in *Bernick* has been limited to its facts in subsequent decisions. See *North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 349 N.E.2d 664; *Matthews v. Weiss* (1958), 15 Ill. App. 2d 530, 146 N.E.2d 809.

The defendants argue that recent decisions of the supreme court support their argument and signal a change in the law. In *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, and *Kiven v. Mercedes-Benz of North America, Inc.* (1986), 111 Ill. 2d 585, 491 N.E.2d 1167, the court considered Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)) as it affects a plaintiff's privilege of voluntary dismissal. Rule 103(b) provides:

"(b) Dismissal for Lack of Diligence.

If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

Because section 2—1009 of the Code of Civil Procedure is in conflict with Rule 103(b), the court resolved the conflict by applying constitutional principles of separation of powers and the supremacy of the constitutional power vested in the supreme court to promulgate procedural rules. Where such a rule is in conflict with a statute, the rule will prevail. In *O'Connell* the court stated that "nothing is more critical to the judicial function than the administration of justice without delay," and that "the judiciary must be unimpeded in considering and rendering judgments on matters before it." (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 282, 492 N.E.2d 1322, 1326.) Where a plaintiff relies on section 2—1009, a Rule 103(b) motion must be heard on its merits prior to ruling on plaintiff's motion for voluntary dismissal.

Defendants suggest that similar conflicts between section 2—1009 and the Code of Civil Procedure and supreme court rules exist which make the holdings of *O'Connell* applicable to pending summary judgment motions.

Section 2—1005(c) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c)) provides that summary judgment "shall be rendered without delay" if the depositions and affidavits show the absence of genuine issues of material fact. Supreme Court Rule 192 (87 Ill. 2d R.192) addresses the subject of summary judgment where multiple issues are present. While the argument may be made, we are not convinced that such a conflict exists and we recently rejected the same argument in *Kern v. Peabody Coal* (1987), 151 Ill. App. 3d 807, 502

N.E.2d 1322. We found the holding in *O'Connell* properly limited to Rule 103(b) motions. We noted the limiting language in *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, where the court said, in addressing a plaintiff's privilege of voluntary dismissal before trial or hearing is begun and after reviewing precedent, that "[a]ny further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court." 104 Ill. 2d 302, 308, 472 N.E.2d 787, 789.

We are told by defendants that the privilege of voluntary dismissal has been abused and has become a device the use of which defeats the goal of expeditious administration of justice. They question why an action which is pending for seven years without presenting a viable claim should be so protected after the defendants have expended substantial costs and efforts to defend a meritless claim and extricate themselves from what may become interminable litigation, considering that plaintiff is a minor.

Whether abuse exists turns, of course, on the view of the litigants. The arguments advanced by defendants were considered by the court in *Kahle*. Considering that the privilege of voluntary nonsuit existed at common law in a more extensive form and has existed by statute in Illinois for many years (see Ill. Ann. Stat., ch. 110, par. 2—1009, Historical and Practice Notes, at 416-418 (Smith-Hurd 1983)), we believe any further restriction of the privilege of voluntary dismissal should be addressed to the General Assembly or to the supreme court should it extend the holding of *O'Connell*.

The judgment of the circuit court of Madison County is affirmed.

Affirmed.

KASSERMAN and WELCH, JJ., concur.