158 Ill. App.3d 866 (1987)
511 N.E.2d 884
MICHAEL GIBELLINA, Plaintiff-Appellant,
v.
GEORGE HANDLEY et al., Defendants-Appellees.
No. 2-86-0836.
Illinois Appellate Court  Second District.
Opinion filed July 27, 1987.
Robert C. Marchuk, of Lanzillotti, Gribben & Marchuk, of Berwyn (Daniel J. Rice, of counsel), for appellant.
Lenard C. Swanson, of Wildman, Harrold, Allen & Dixon, of Chicago (Bruce S. Terlep, of counsel), for appellees George Handley and Harb Boury.
Thomas H. Fegan and Donald N. Hoppe, both of Johnson, Cusack & Bell, of Chicago (Nancy Tordai O'Shaughnessy, of counsel), for appellees Mark Heymann, Renato Imana, Farouk Hamouda, Andrew Bregman, George Kuzycz, Glen Asselmeier, Robert McCray, and Raymond Dieter.
Diane I. Jennings and Hugh C. Griffin, both of Lord, Bissell & Brook, of Chicago (Jeffry S. Spears, of counsel), for appellee Central Du Page Hospital.
Orders reversed.
JUSTICE REINHARD delivered the opinion of the court:
Plaintiff, Michael Gibellina, appeals from orders of the circuit court of Du Page County barring him from producing experts at trial, denying his motion for voluntary dismissal pursuant to section 2-1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. *867 2-1009), and granting the defendants' motions for summary judgment.
Plaintiff raises three issues on appeal: (1) whether the trial court erred in barring plaintiff from producing expert witnesses at trial; (2) whether the trial court erred in denying plaintiff's motion for voluntary dismissal under section 2-1009; and (3) whether the trial court erred in granting defendants' motions for summary judgment.
Plaintiff filed his complaint on February 7, 1983, in the circuit court of Cook County against defendants Central Du Page Hospital, 18 named physicians, and unknown physicians. Plaintiff alleged negligence by all defendants in count I by causing injuries, including a severe brain stem stroke following surgery, and alleged wilful and wanton misconduct by all defendants in count II. Count II was later dismissed on defendants' motion. A motion to transfer the cause to Du Page County on the basis of forum non conveniens was granted.
Several of the defendant physicians were dismissed from plaintiff's cause of action with prejudice by agreed order and two defendants were voluntarily dismissed from the suit without prejudice pursuant to plaintiff's section 2-1009 motion. On December 30, 1985, trial was set for August 11, 1986. On May 5, 1986, defendants Heymann, Hamouda, Bregman, Kuzycz, Asselmeier, McCray, and Dieter filed a motion for summary judgment with attached affidavits stating that they did not render any care or treatment to the plaintiff related to the injury purportedly sustained by him. Defendant Imana later filed his own motion for summary judgment also stating that he did not render any care or treatment to plaintiff prior to the date upon which he suffered his injury.
Plaintiff filed his answers to defendants' interrogatories on May 19, 1986, stating that no expert witnesses had been selected at that time. Defendants again requested information regarding expert witnesses on June 24, 1986, but received no response. A pretrial conference was held July 11, 1986. On defendants' oral motion, the court ordered that plaintiff was barred from producing expert witnesses at trial pursuant to Supreme Court Rule 220 (107 Ill.2d R. 220) as plaintiff had failed to disclose experts pursuant to defendants' requests.
Defendants Central Du Page Hospital, Handley, and Boury then filed motions for summary judgment stating that expert testimony is needed to support a charge of malpractice and to prove a deviation from accepted standards of medical care. A hearing was held August 4, 1986, and the trial court denied plaintiff's motion to vacate the order barring his use of expert witnesses.
Plaintiff then filed a section 2-1009 motion for voluntary dismissal *868 on August 7, 1986. Trial was scheduled to commence on August 11. The trial court denied the motion, stating that the defendants were entitled to a hearing on their pending motions for summary judgment, filed prior to the filing of plaintiff's motion. Defendants' motions for summary judgment were granted the next day, and this appeal by plaintiff followed.
We address first plaintiff's contention that the trial court erred in not allowing plaintiff to voluntarily dismiss his action without prejudice as no trial or hearing had begun and no Rule 103(b) (107 Ill.2d R. 103(b)) motion was pending.
Section 2-1009(a) provides:
"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. After a counterclaim has been pleaded by a defendant no dismissal may be had as to the defendant except by the defendant's consent." Ill. Rev. Stat. 1985, ch. 110, par. 2-1009(a).
The supreme court, in Kahle v. John Deere Co. (1984), 104 Ill.2d 302, 472 N.E.2d 787, stated that a plaintiff's absolute right to a voluntary dismissal had been limited by the legislature pursuant to section 2-1009 to prevent an automatic voluntary dismissal without prejudice only after trial or hearing commenced and noted that any further limits on a plaintiff's common law right to an automatic dismissal without prejudice should be enacted by the legislature, not declared by the court. 104 Ill.2d 302, 307-08, 472 N.E.2d 787.
The court in O'Connell v. St. Francis Hospital (1986), 112 Ill.2d 273, 492 N.E.2d 1322, however, subsequently determined that a conflict existed between Supreme Court Rule 103(b) (107 Ill.2d R. 103(b)) and sections 2-1009 and 13-217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2-1009, 13-217). The court stated that if a supreme court rule is in conflict with a legislative enactment, the rule will prevail (112 Ill.2d 273, 281, 492 N.E.2d 1322), and held that where a plaintiff, relying on section 2-1009, moves to voluntarily dismiss his suit while a defendant's Rule 103(b) motion to dismiss for lack of due diligence in obtaining service of process is pending, the trial court must hear the latter motion on its merits prior to ruling on *869 the plaintiff's motion. 112 Ill.2d 273, 283, 492 N.E.2d 1322; see also Catlett v. Novak (1987), 116 Ill.2d 63, 69, 506 N.E.2d 586.
Defendants contend that the rationale espoused in O'Connell, where it was recognized that "[n]othing is more critical to the judicial function than the administration of justice without delay" (O'Connell v. St. Francis Hospital (1986), 112 Ill.2d 273, 282, 492 N.E.2d 1322), is clearly applicable to the case at bar here as the record is replete with instances of plaintiff's delay and procrastination. They cite Dillie v. Bisby (1985), 136 Ill. App.3d 170, 483 N.E.2d 307, where the Appellate Court for the Third District stated that "trial courts should have discretion to consider any defense motion which might result in a dismissal with prejudice prior to ruling on a plaintiff's voluntary dismissal motion." 136 Ill. App.3d 170, 172, 483 N.E.2d 307.
While another Third District case agreed that Dillie expanded the rule stated in O'Connell and gave the trial court discretion to consider any defense motion which might result in a dismissal with prejudice prior to ruling on a plaintiff's voluntary dismissal motion (Highland v. Stevenson (1987), 153 Ill. App.3d 390, 397, 505 N.E.2d 776), the Appellate Court for the Fifth District has held that a plaintiff has an absolute right to a voluntary dismissal before trial or hearing begins, and the trial court does not have discretion to rule on a pending motion for summary judgment. Rohr v. Knaus (1987), 153 Ill. App.3d 1013, 1016-17, 506 N.E.2d 634; Russ v. Gandhy (1986), 149 Ill. App.3d 660, 662-63, 500 N.E.2d 1032.
The court in Rohr v. Knaus (1987), 153 Ill. App.3d 1013, 506 N.E.2d 634, specifically stated that the holding in O'Connell is properly limited to Rule 103(b) motions. (153 Ill. App.3d 1013, 1017, 506 N.E.2d 634.) Other appellate court decisions have similarly determined that O'Connell merely dealt with the conflict between Rule 103(b) and sections 2-1009 and 13-217 and did not indicate any alteration of the supreme court's decision in Kahle v. John Deere Co. (1984), 104 Ill.2d 302, 472 N.E.2d 787, recognizing a plaintiff's otherwise absolute right to a voluntary dismissal. Kern v. Peabody Coal Co. (1987), 151 Ill. App.3d 807, 810-11, 502 N.E.2d 1322; Mancuso v. Beach (1986), 149 Ill. App.3d 188, 190-92, 500 N.E.2d 589.
We recently reached the same conclusion, that O'Connell is limited to Rule 103(b) motions, in Kendle v. Village of Downers Grove (1987), 156 Ill. App.3d 545, 551, where we determined that the trial court had no discretion to deny the plaintiffs' motion for voluntary dismissal based on the alleged hardship to the defendants. We agree with the Fifth District approach that the trial court did not have discretion to rule on the defendants' summary judgment motions here, and, therefore, *870 plaintiff's motion for voluntary dismissal pursuant to section 2-1009 should have been granted.
Central Du Page Hospital also contends in its separate brief that this case presents another egregious example of a party's attempted misuse of the voluntary dismissal provisions of section 2-1009 so that the trial court properly denied plaintiff's motion. While it has been recognized that abuse by counsel of the privilege granted to plaintiffs of voluntarily dismissing a complaint before trial and refiling under sections 2-1009 and 13-217 is possible (see Meyers v. Bridgeport Machines Division of Textron, Inc. (1986), 113 Ill.2d 112, 123-25, 497 N.E.2d 745 (Ryan, J., dissenting)), any change in the procedure should be addressed by the General Assembly or by supreme court rule. Kendle v. Village of Downers Grove (1987), 156 Ill. App.3d 545, 553; see also Rohr v. Knaus (1987), 153 Ill. App.3d 1013, 1017, 506 N.E.2d 634.
Central Du Page Hospital further maintains that plaintiff's motion was properly denied because a conflict exists here between Supreme Court Rule 220 (107 Ill.2d R. 220) and sections 2-1009 and 13-217 so that, as in O'Connell, the supreme court rule must prevail. Even the Third District rejected this contention in Highland v. Stevenson (1987), 153 Ill. App.3d 390, 505 N.E.2d 776. The court stated:
"Rule 220 does not work to bar a plaintiff from bringing an action if it is not followed, it merely prohibits a plaintiff from having experts testify at trial if they were not disclosed. In no way does Rule 220 cause dismissal of a plaintiff's case with prejudice. We note that had this case gone to trial, plaintiff would be barred from having expert testimony. Therefore, Rule 220 has effect and if plaintiff wishes to introduce expert testimony in a subsequent case, Rule 220 will require him to disclose such experts well in advance of trial. Therefore, since Rule 220 has effect and because it does not mandate dismissal with prejudice for failure of compliance, we are of the opinion that it is not in conflict with section 2-1009 of the Illinois Code of Civil Procedure." (153 Ill. App.3d 390, 396, 505 N.E.2d 776.)
We agree that there is no conflict with Rule 220 which prevented the granting of plaintiff's motion.
Eight of the ten physician defendants additionally argue in their separate brief that plaintiff's motion was properly denied as motions for summary judgment with supporting affidavits, which were evidence going to the merits of the case, were filed and scheduled for a hearing. They contend, with no citation of pertinent authority, that a *871 hearing had therefore begun on the case so that plaintiff no longer had an absolute right to voluntary dismissal. A motion for summary judgment is a pretrial motion. There is no authority that the filing of a motion for summary judgment is the commencement of a trial or hearing. (Rohr v. Knaus (1987), 153 Ill. App.3d 1013, 1015, 506 N.E.2d 634.) The scheduled jury trial was not to begin until August 11. Under the law of this State, a trial or hearing had not begun. See Kahle v. John Deere Co. (1984), 104 Ill.2d 302, 308-09, 472 N.E.2d 787.
For the foregoing reasons, we determine that the trial court did not have discretion to deny the plaintiff's motion for voluntary dismissal because of the defendants' pending summary judgment motions. The orders of the circuit court of Du Page County denying plaintiff's motion for voluntary dismissal and granting defendants' motions for summary judgment are reversed.
Because of our resolution of this appeal on this issue, plaintiff's additional appellate contentions need not be addressed.
Reversed.
UNVERZAGT and WOODWARD, JJ., concur.