JOHN METCALFE, Special Adm'r of the Estate of Andrew Metcalfe, Deceased, Plaintiff-Appellee, v. ST. ELIZABETH'S HOSPITAL *et al.*, Defendants-Appellants.

Fifth District    No. 5—86—0507

Opinion filed August 4, 1987.—Rehearing denied September 23, 1987.

Burroughs, Simpson, Hepler & Broom, of Edwardsville, for appellant St. Elizabeth's Hospital.

Thomas W. Alvey, Jr., and Tracy P. Christianson, both of Thompson & Mitchell, of Belleville, for appellant Dr. Adele M. Roth.

Amiel Cueto and Christopher Cueto, both of Cueto, Daley, Williams, Moore & Cueto, Ltd., of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, John Metcalfe, in his capacity as special administrator of the estate of Andrew Metcalfe, filed a complaint in the circuit court of St. Clair County alleging Andrew was delivered stillborn as a result of the negligence of defendants, St. Elizabeth's Hospital in Belleville and Dr. Adele Roth. Defendants filed separate motions to dismiss the action with prejudice for failure to comply with the provisions of section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622). Plaintiff then filed a motion for voluntary dismissal pursuant to section 2—1009(a) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009(a)). The court granted plaintiff's motion for voluntary dismissal and did not rule on defendants' motions to dismiss with prejudice, finding defendants' motions to be moot. On appeal, defendants contend (1) plaintiff could not voluntarily dismiss the action because a hearing had occurred, (2) plaintiff's cause of action should be dismissed with prejudice for failure to comply with section 2—622, and (3) plaintiff was not entitled to a voluntary dismissal because he failed to tender costs and give notice to defendants. We affirm.

Plaintiff filed a complaint on March 3, 1986, alleging that Cheryl Metcalfe was admitted to St. Elizabeth's Hospital while in labor, and that on March 3, 1984, she delivered a stillborn male child. The com-

plaint alleges the umbilical cord was wrapped around the infant's neck. The complaint further alleges the infant, named Andrew, was a viable fetus, and that his death was a result of the negligence of defendants.

■ On April 9, 1986, defendant St. Elizabeth's Hospital filed a motion to dismiss the action for failure to comply with section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622), which requires an affidavit of the plaintiff's attorney and a report of a medical professional to be filed with the complaint. Defendant Dr. Roth filed a similar motion to dismiss on April 10, 1986. A hearing on defendants' motions was held on June 30, 1986. On July 2, 1986, plaintiff filed his motion to voluntarily dismiss the action, and the court granted this motion on that same date and further found defendants' motions to dismiss were then moot. On July 24, 1986, defendant Dr. Roth filed a motion to reconsider the order granting the voluntary dismissal, and on August 1, 1986, defendant St. Elizabeth's Hospital filed a motion to set aside the order. The court held a hearing on the motion to reconsider and the motion to set aside on August 1, 1986, and denied the motions on that date. There is no question that defendants can appeal the granting of the motion to voluntarily dismiss. See *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 307, 472 N.E.2d 787, 789.

■ Defendants first contend that the hearing which had been held upon their motions to dismiss plaintiff's action was a "hearing" for purposes of section 2—1009(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009(a)), and that consequently plaintiff no longer had a right to automatically dismiss the action. Section 2—1009(a) provides in pertinent part:

"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." Ill. Rev. Stat. 1985, ch. 110, par. 2—1009(a).

Courts of this State have held that under section 2—1009(a), a plaintiff's right to a voluntary dismissal without prejudice prior to trial or hearing is absolute and the court has no discretion to deny plaintiff's motion for dismissal in such cases. (*Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 157, 484 N.E.2d 522, 524; *Heinz v. County of McHenry* (1984), 122 Ill. App. 3d 895, 897, 461 N.E.2d 672, 673.) Our supreme court recently defined the terms "trial" and "hearing" as used in section 2—1009. In *Kahle v.*

*John Deere Co.* (1984), 104 Ill. 2d 302, 309, 472 N.E.2d 787, 790, the court found that in the context of section 2—1009, a "hearing" is the equitable equivalent of a trial. Then the court stated: "Both a trial and a hearing involve a determination of the parties' rights. [Citations.] In other words, a hearing is a nonjury proceeding in which evidence is taken on the merits." (104 Ill. 2d 302, 309, 472 N.E.2d 787, 790.) Thus a hearing "does not begin until the parties begin to present their arguments and evidence to the court sitting without a jury in order to achieve an ultimate determination of their rights." *In re Marriage of Fine* (1983), 116 Ill. App. 3d 875, 879, 452 N.E.2d 691, 693.

■ A hearing, as defined in *Kahle* and *Fine*, did not take place in the present case. There had been a hearing on defendants' motions to dismiss, but this hearing was not the equitable equivalent of a trial. No evidence was taken on the merits of the action. Therefore, plaintiff had an absolute right to voluntarily dismiss his action.

We acknowledge that our supreme court has recently carved out an exception to the absolute right to a voluntary dismissal before trial or hearing. In *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 283, 492 N.E.2d 1322, 1327, the court held that where a plaintiff, relying on section 2—1009, moves to voluntarily dismiss his suit while a defendant's motion to dismiss for lack of diligent service under Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) is pending, the trial court must hear the latter motion on its merits prior to ruling on the plaintiff's motion. (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 283, 492 N.E.2d 1322, 1327.) The court noted that Rule 103(b) establishes a requirement of reasonable diligence to effect service of process, while section 2—1009 allows a plaintiff to voluntarily dismiss his complaint even where service of process is not effected until expiration of the applicable statute of limitations. The court further noted that section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) allows a plaintiff to refile his complaint within one year of his voluntary dismissal, without reference to the matter of diligence or service of process as to the original complaint. (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 280, 492 N.E.2d 1322, 1325.) Observing that both the judiciary and the legislature may promulgate procedural rules, the court stated the principle that if a rule of the court is in conflict with a legislative enactment, the rule will prevail. (112 Ill. 2d 273, 281, 492 N.E.2d 1322, 1326.) Finding that reasonable diligence in serving process is essential to rendering justice fairly and promptly, the court held that sections 2—1009 and 13—217 unduly infringe upon the judiciary where a plain-

tiff takes a voluntary dismissal under section 2—1009 when his diligence is challenged and then refiles under section 13—217. 112 Ill. 2d 273, 281-82, 492 N.E.2d 1322, 1326. See also *Catlett v. Novak* (1987), 116 Ill. 2d 63, 506 N.E.2d 586.

Defendants here argue for a broad interpretation of the exception carved out in *O'Connell*, contending that because their motions to dismiss with prejudice were pending at the time plaintiff filed his motion for voluntary dismissal, their motions to dismiss should have been heard prior to any ruling on plaintiff's motion to voluntarily dismiss. We cannot agree. There is no conflict here between a court rule and a statute as there was in *O'Connell*. Furthermore, this court has rejected the suggestion that *O'Connell* indicates a change in the law. (See *Kern v. Peabody Coal Co.* (1987), 151 Ill. App. 3d 807, 811, 502 N.E.2d 1322, 1325.) The supreme court in *Kahle* noted that "[a]t common law, the plaintiff could voluntarily dismiss without prejudice at any point before the judgment was returned. The legislature attempted to discourage vexatious suits by limiting the plaintiff's freedom, but only by preventing an automatic voluntary dismissal without prejudice after trial or hearing commenced. [Citation.] Any further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court." *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 307-08, 472 N.E.2d 787, 789. We believe that outside of the limited exception established in *O'Connell*, a plaintiff's right to a voluntary dismissal prior to trial or hearing is still an absolute right.

Defendants also place strong reliance upon the decision in *Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 495, 60 N.E.2d 442, which held that when there has been a hearing pursuant to a motion to dismiss filed under section 48 of the former Civil Practice Act, now section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), a plaintiff no longer has an absolute right to a voluntary dismissal. Defendant's motion in *Bernick* alleged *res judicata* as a complete defense to the action. The court reasoned that since a section 2—619 motion would terminate the litigation if sustained, a hearing had begun within the meaning of the statute regarding voluntary dismissals. 325 Ill. App. 495, 501, 60 N.E.2d 442, 444; see also *City of Palos Heights v. Village of Worth* (1975), 29 Ill. App. 3d 746, 331 N.E.2d 190.

Defendants note that pursuant to the express language of section 2—622(g) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(g)), their motions to dismiss in the present case were section 2—619 motions, and they contend that the holding in *Bernick* ap-

plies here. Defendants argue that by referring to section 2—619, the legislature, in adopting section 2—622, intended for the failure to comply with the provisions of section 2—622 to result in a dismissal with prejudice.

We need not decide whether a dismissal for noncompliance with the provisions of section 2—622 must be a dismissal with prejudice. In view of the definition of a "hearing" in *Kahle*, the holding in *Bernick* can no longer be the law. We note that the First District, which decided *Bernick*, has rejected its own decision. The court in *In re Marriage of Fine* (1983), 116 Ill. App. 3d 875, 452 N.E.2d 691, albeit in *dicta*, stated that a hearing on a section 2—619 motion is "no more a 'hearing' under section [2—1009] than are other proceedings relating to preliminary motions." 116 Ill. App. 3d 875, 880, 452 N.E.2d 691, 693.

We therefore reject the holding in *Bernick* and the similar view stated recently in *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 397-98, 505 N.E.2d 776, 781, that the trial court should have discretion to consider any defense motion which might result in a dismissal with prejudice prior to a ruling on a plaintiff's voluntary dismissal motion. We conclude that a hearing on a motion to dismiss for failure to comply with section 2—622 is not a "hearing" as provided in section 2—1009(a). In doing so we follow the numerous decisions which have found that a plaintiff has an absolute right to a voluntary dismissal prior to trial or hearing even though pending is a motion by a defendant which, if granted, could result in a dismissal with prejudice or final judgment. In *Hale v. Ault* (1980), 83 Ill. App. 3d 78, 403 N.E.2d 635, and *North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 349 N.E.2d 664, the plaintiffs were allowed to voluntarily dismiss their actions even though there had been a hearing on defense motions for summary judgment. This court has recently held that a plaintiff has an absolute right to a voluntary dismissal even though a defense motion for summary judgment is pending. (See *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634; *Russ v. Gandhy* (1986), 149 Ill. App. 3d 660, 500 N.E.2d 1032.) Courts have also held that hearings pursuant to a motion to dismiss filed under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) do not mark the commencement of a trial or hearing under section 2—1009, and that a plaintiff has an absolute right to a voluntary dismissal after such hearings have been held (see *Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 484 N.E.2d 522; *Heinz v. County of McHenry* (1984), 122 Ill. App. 3d 895, 461 N.E.2d 672), even though a section 2—615 motion can result in a

dismissal with prejudice (Ill. Rev. Stat. 1985, ch. 110, par. 2—615(d); see *Plocar v. Dunkin' Donuts of America, Inc.* (1981), 103 Ill. App. 3d 740, 750, 431 N.E.2d 1175, 1182). Therefore, the fact a hearing has been held on a defense motion alleging grounds which could result in a judgment or dismissal of the action with prejudice is of no consequence if there has been no trial or hearing as defined in *Kahle*.

■ Defendants next argue that allowing plaintiff to voluntarily dismiss his action, with the right to refile under section 13—217 of the Code, allows him to circumvent the legislature's intention to prevent frivolous lawsuits in the area of medical malpractice. (See *Bernier v. Burris* (1986), 113 Ill. 2d 219, 252, 497 N.E.2d 763, 779.) Defendants claim that because the legislature provided in section 2—622(g) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(g)) that the failure to comply with section 2—622 shall be grounds for dismissal under section 2—619, that plaintiff should not be allowed to avoid the consequences of his noncompliance.

We note first that plaintiff will be required to comply with section 2—622 if he refiles his action. Furthermore, because plaintiff moved to dismiss the action prior to trial or hearing, we have held he had an absolute right to voluntarily dismiss, and his motive for doing so is of no consequence. (See *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634, 636.) The present case is analogous to *Moody's Investors Service, Inc. v. Department of Revenue* (1984), 101 Ill. 2d 291, 461 N.E.2d 972, where the supreme court allowed a plaintiff to voluntarily dismiss an action and refile within one year even though the plaintiff, a taxpayer bringing an action for administrative review of a ruling of the Department of Revenue, had failed to post bond within 20 days of the Department's ruling as required by section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 451). The court allowed the taxpayer to voluntarily dismiss the action even though the dismissal was designed to avoid the consequences of a failure to comply with a procedural requirement. In *Kern v. Peabody Coal Co.* (1987), 151 Ill. App. 3d 807, 811, 502 N.E.2d 1322, 1325, we held that a plaintiff had a right to a voluntary dismissal where he had failed to demand a jury at the time he filed his complaint, even though the obvious purpose of the dismissal was to refile the action to properly demand a jury. In *Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 484 N.E.2d 522, the plaintiff's complaint had been dismissed with leave to file an amended complaint within 28 days, and the plaintiff failed to amend his complaint within the time allowed by the court. We held that he had a right to voluntarily dismiss the action even though the plaintiff was attempting to avoid a

dismissal with prejudice. (137 Ill. App. 3d 155, 159, 484 N.E.2d 522, 525.) We reached the same conclusion in *Davis v. International Harvester Co.* (1985), 139 Ill. App. 3d 264, 269, 487 N.E.2d 385, 388, where the plaintiff, instead of complying with the court's order to respond to a discovery request within 30 days, moved to voluntarily dismiss, even though the court had stated the action would be dismissed with prejudice if plaintiff did not meet the deadline. These cases indicate that a plaintiff has a right to voluntarily dismiss an action even though the move is designed to avoid the consequences of a defect in the proceedings.

We conclude, therefore, that plaintiff had an absolute right to voluntarily dismiss the action.

Defendants also contend that plaintiff was not entitled to a voluntary dismissal because he failed to comply with the provisions of section 2—1009 requiring notice and payment of costs. Plaintiff's motion for voluntary dismissal was decided on the same date it was filed, and there is no indication that defendants received notice of the motion before it was decided. In addition, plaintiff's motion makes no reference to costs. However, the trial court's order of August 1, 1986, requires plaintiff to pay costs.

■ While we agree defendants should have been notified of plaintiff's voluntary dismissal motion prior to the court's ruling thereon, and that plaintiff's motion should have stated that plaintiff was tendering costs, we fail to see how defendants were prejudiced in the present case. (See *In re Marriage of Brown* (1980), 86 Ill. App. 3d 964, 969-71, 410 N.E.2d 79, 83-84; *Western Land Corp. v. Lichtenstein* (1977), 47 Ill. App. 3d 233, 241, 361 N.E.2d 730, 736.) Defendants filed motions to reconsider the order granting the voluntary dismissal, and the court considered and ruled on these motions. Defendants therefore had notice of the voluntary dismissal motion prior to the court's ruling on the motions to reconsider. Furthermore, while plaintiff's motion made no reference to costs, the court's order requires him to pay costs and plaintiff concedes in his brief in this court that he is required to do so. Therefore, we reject defendants' argument.

For the foregoing reasons, the order of the circuit court of St. Clair County granting plaintiff's motion to voluntarily dismiss his action is affirmed.

Affirmed.

KASSERMAN and WELCH, JJ., concur.