CRUZ CARDENAS, Plaintiff-Appellant, v. THE VILLAGE OF OAK BROOK *et al.*, Defendants-Appellees.

Second District    No. 2—87—0355

Opinion filed January 10, 1989.

Edward C. Erwin, of Steinberg, Polacek & Goodman, of Chicago, for appellant.

Eileen M. O'Sullivan, of Duffy & Tamillow, of Chicago, for appellee Village of Oak Brook.

Dorothy F. French, of French, Rogers, Kezelis & Kominiarek, P.C., of Chicago, for appellee Saddle Brook Development Company.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Cruz Cardenas, appeals from trial court orders granting summary judgment in favor of defendants, Village of Oak Brook (Village) and Saddle Brook Development Company (Saddle Brook), and holding plaintiff's motion for voluntary dismissal moot as a result of the summary judgment rulings. The issue raised on appeal is whether the trial court erred in ruling on defendants' motions for summary judgment prior to plaintiff's motion for voluntary dismissal. Plaintiff also challenges the propriety of the trial court's ruling on defendants' motions. We reverse.

The parties are familiar with the facts underlying this cause and they will be repeated here only as necessary to an understanding of our disposition.

Plaintiff's complaint alleged a cause of action against defendants in three counts. Count III of plaintiff's complaint was dismissed on June 6, 1984, and no amended count III was filed. This cause was set for trial on the remaining counts on August 26, 1986.

On August 12, 1986, Saddle Brook filed a motion for summary judgment on counts I and II of plaintiff's complaint, and Oak Brook later joined in that motion. The trial judge continued the hearing on defendants' motions to August 25, 1986.

On August 25, 1986, plaintiff presented a motion for voluntary dismissal pursuant to section 2—1009 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009). Plaintiff's motion was properly noticed and accompanied by a tender of defendants' costs as required by statute. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—1009(a).) The court continued all of the motions to September 15, 1986. In its order, the court stated that plaintiff's motion would be considered after a hearing on defendants' motions for summary judgment.

After two additional continuances, the court ruled on the motions on October 6, 1986. The court denied defendants' motions for summary judgment as to count I, but granted the motions as to count II. That order stated that there was no just reason to delay enforcement

or appeal. In a separate order also entered on October 6, 1986, the court granted plaintiff's motion for voluntary dismissal as to count I, but found that plaintiff's motion for voluntary dismissal as to count II was rendered moot by the prior grant of summary judgment on that count in favor of defendants.

On November 5, 1986, plaintiff filed a motion for rehearing and to vacate the order granting summary judgment in favor of defendants. On March 23, 1987, the court denied plaintiff's motion for rehearing. Plaintiff brought this appeal on April 20, 1987.

This cause was originally set on our January 1988 docket. On December 8, 1987, we dismissed plaintiff's appeal in an order pursuant to Supreme Court Rule 23 (107 Ill. 2d R. 23) after concluding that the appeal was not timely. (*Cardenas v. Village of Oak Brook* (1987), 162 Ill. App. 3d 1168 (unpublished Rule 23 order).) In so ruling, we relied on our supreme court's decision in *Elg v. Whittington* (November 16, 1987), No. 64396, wherein the court held that the filing of a timely post-trial motion did not toll the 30-day period for filing an appeal from a final and appealable order. Subsequent to our order dismissing plaintiff's appeal, the supreme court modified its opinion in *Elg* and held that the rule stated in that opinion should be given prospective application only. (*Elg v. Whittington* (1987), 119 Ill. 2d 344, 359.) Pursuant to its supervisory authority and in accordance with its modified opinion in *Elg*, the supreme court has remanded the cause to this court for consideration of the appeal on its merits.

Plaintiff first contends that the trial court erred in continuing plaintiff's motion for voluntary dismissal until after the hearing on defendants' motions for summary judgment. We agree.

█ A plaintiff's right to take a voluntary dismissal is codified in section 2—1009 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009). That section provides, in pertinent part:

"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009(a).)

This statutory provision allowing a plaintiff to dismiss an action at any time before a trial or a hearing begins is an absolute right and is not tempered by any discretionary language in the statute. *Kendle v. Village of Downers Grove* (1987), 156 Ill. App. 3d 545, 550; see also *Moody's Investors Service, Inc. v. Department of Revenue* (1984), 101 Ill. 2d 291, 297.

Defendants nonetheless argue that their motions for summary judgment had the same effect as a trial and that the trial court had discretion to consider those motions before plaintiff's motion for voluntary dismissal. Defendants seek support in this position by analogizing to our supreme court's decision in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 283, wherein the court held that a trial court should rule on a motion to dismiss for failure to exercise due diligence pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) *prior* to ruling on a motion for voluntary dismissal. We have recently rejected these arguments in *Kendle v. Village of Downers Grove* (1987), 156 Ill. App. 3d 545, 551-53 and *Gibellina v. Handley* (1987), 158 Ill. App. 3d 866, 868-70, *appeal allowed* (1987), 117 Ill. 2d 543.

The facts in *Gibellina* are similar to those in the case at bar. (See *Gibellina*, 158 Ill. App. 3d at 867-68.) In that case, as in the instant action, the plaintiff filed his motion for voluntary dismissal *after* the defendants' motions for summary judgment were filed. (158 Ill. App. 3d at 867-68.) The *Gibellina* court denied the plaintiff's motion, stating that the defendants were entitled to a hearing on their pending motions for summary judgment. (158 Ill. App. 3d at 868.) The court subsequently granted summary judgment in favor of the defendants, and the plaintiff appealed. (158 Ill. App. 3d at 868.) In reversing the trial court, we distinguished *O'Connell* on the basis that the *O'Connell* court was merely resolving the conflict between a procedural rule of the court and a statutory provision, and did not support any alteration of a plaintiff's otherwise absolute right to take a voluntary dismissal prior to a trial or hearing. (158 Ill. App. 3d at 869; see also *Kendle*, 156 Ill. App. 3d at 552.) Accordingly, we held that the trial court did not have discretion to rule on the defendants' motions for summary judgment prior to the plaintiff's motion for voluntary dismissal and erred in failing to grant the plaintiff's motion. *Gibellina*, 158 Ill. App. 3d at 869-70; see also *Kendle*, 156 Ill. App. 3d at 554.

■ Defendants have not offered us any basis for departing from these holdings and, absent a contrary ruling from our supreme court, we find the law as expressed in *Gibellina* and *Kendle* to be controlling in the case before us. We therefore hold that the trial court erred in ruling on defendants' motions for summary judgment before ruling on plaintiff's motion for voluntary dismissal.

For the reasons set forth above and in accordance with our authority pursuant to Supreme Court Rule 366(a)(5) (107 Ill. 2d R. 366(a)(5)), we reverse the orders granting summary judgment on count II in favor of defendants and denying plaintiff's motion for vol-

untary dismissal on that count, and further order that count II be dismissed without prejudice.

Reversed and count II dismissed without prejudice.

UNVERZAGT, P.J., and DUNN, J., concur.