FRANKLIN ADDISON, Plaintiff-Appellant, v. JAMES M. WHITTEN-BERG *et al.*, Defendants-Appellees.

Fifth District   No. 5—86—0276

Opinion filed August 4, 1987.

586

James W. Sanders, of James W. Sanders & Associates, of Marion, for appellant.

Gary D. McConnell, of Shepherd, Sandberg & Phoenix, P.C., of St. Louis, Missouri, for appellee James M. Whittenberg.

Dennis E. Rose, of Donovan, Hatch & Constance, P.C., of Belleville, for appellee Shoss Radiological Group, Inc.

Michael F. Dahlen, of Feirich, Schoen, Mager, Green & Associates, of Carbondale, for appellee Randolph Hospital.

JUSTICE HARRISON delivered the opinion of the court:

Franklin Addision filed a medical malpractice action in the circuit court of Randolph County against James W. Whittenberg, M.D., Randolph Hospital, d/b/a Chester Memorial Hospital, and Shoss Radiological Group, Inc. Motions for summary judgment were filed on behalf of all three defendants, and the trial court entered summary judgment in favor of each of the defendants. Plaintiff appeals the granting of summary judgment in favor of each defendant, and we reverse and remand this cause to the trial court for further proceedings for the reasons which follow.

The gravamen of plaintiff's complaint is that each of the defendants either failed to discover or failed to discover and treat a broken vertebra in plaintiff's neck when he was admitted to Chester Memorial Hospital on or about January 17, 1981, after being involved in an automobile accident. The issue presented for review is whether there was a genuine issue of material fact to prevent the entry of summary judgment in favor of defendants. Under section 2—1005(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c)), summary judgment is proper only "if the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The purpose of summary judgment is not to try an issue of fact, but determine whether a triable issue of fact exists. (*Miller v. Smith* (1985), 137 Ill. App. 3d 192, 196, 484 N.E.2d 492, 495-96.) Although summary judgment is recognized as a salutary procedure in the administration of justice, it should be granted with caution so that the right to trial of conflicting facts and inferences is not usurped. Only when the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law should summary judgment be awarded. (*Elliot v. Chicago Title Insurance Co.* (1984), 123 Ill. App. 3d 226, 231, 462 N.E.2d 640, 644.) Moreover, because it is a drastic remedy, summary judgment should not be granted unless the movant's right to such relief is clear and free from doubt. See *Miller v. Smith*, 137 Ill. App. 3d 192, 196, 484 N.E.2d 492, 496.

In support of their motions for summary judgment, defendants relied upon plaintiff's responses to interrogatories posed by defendants pursuant to Supreme Court Rule 220 (107 Ill. 2d R. 220), evidence depositions of plaintiff's experts, and depositions of Dr. Whittenberg and Dr. Shoss of Shoss Radiological Group. Paragraph (c) of Rule 220 provides in pertinent part:

"(1) Upon interrogatory propounded for that purpose, the party retaining or employing an expert witness shall be required to state:

(i) the subject matter on which the expert is expected to testify;

(ii) his conclusions and opinions and the bases therefor;

(iii) his qualifications.

\* \* \*

(3) A party shall be required to seasonably supplement his answers to interrogatories propounded under this rule as additional information becomes known to the party or his counsel." (107 Ill. 2d R. 220(c).)

In answering supplemental interrogatories propounded pursuant to paragraph (c) of Rule 220, plaintiff indicated that he reasonably contemplated that five expert witnesses would testify at trial, to wit: Dr. R.P. Baysinger, Dr. Fred Knoke, Dr. M. Afzal Riaz, Dr. William S. Coxe, and Dr. Yoon Chan Lee. Plaintiff's counsel later sent a letter to all parties explaining that he would not be using Dr. Coxe as an expert witness in the case. Plaintiff further answered interrogatories by stating that the experts would testify to the condition of Frank Addison upon the admission to the Veterans Administration Hospital in Marion on January 20, 1981, and to the Veterans Administration Hospital in St. Louis on January 22, 1981, and thereafter, and possible cause of his injury. In answer to the interrogatory regarding each expert's opinion and basis therefor, he stated, "Frank Addison upon admission into V-A Hospital in Marion had a fracture of the cervical spine based upon examination of x-rays and examination of patient and fracture could have been caused by auto accident. Frank Addison, upon admission into V-A Hospital in St. Louis had a fracture of the cervical spine based upon x-rays and examination of patient and fracture could have been caused by accident." Pursuant to stipulation by all parties, an order was entered by the trial court requiring plaintiff to disclose all expert witnesses within 30 days and to make them available for deposition and providing further that the parties would be prohibited from calling at trial any expert witness who was not disclosed. Evidence depositions of all plaintiff's experts were taken by

the plaintiff and none of the experts had any criticism of defendants' treatment of plaintiff, nor did they examine any records including X rays of plaintiff from Chester Memorial Hospital. Plaintiff's experts did state that plaintiff had a fracture of the cervical spine when he was examined at the Veterans Administration Hospital in Marion on January 20, 1981, the same day he was released from Chester Memorial Hospital and three days after X rays had been taken at Chester. Portions of the depositions of Dr. Whittenberg and Dr. Shoss were also filed by defendants. Dr. Whittenberg stated that the X rays taken on January 17, 1981, at Chester Memorial Hospital, as viewed by him at his deposition, showed no fracture of the cervical spine. Dr. Whittenberg did not remember whether he had seen the X rays at the time plaintiff was his patient. He had based his opinions at that time on the radiological report from Dr. Shoss. Dr. Shoss testified in his deposition that the X-ray views taken of plaintiff's cervical spine were the views one would normally expect to be taken of a person suspected of having an injury in that area. Each X ray was of diagnostic quality. Dr. Shoss read the X rays at the hospital in January of 1981 and again at his deposition and found no evidence of a fracture.

■ ■ Defendants argue there is no genuine issue of material fact because Drs. Whittenberg and Shoss testified in their depositions that the X rays taken on January 17, 1981, revealed no fracture, and because plaintiff's experts did not have any opinion regarding whether defendants' actions deviated from acceptable medical practice and had not seen the X rays or records from Chester Memorial Hospital. However, these statements by plaintiff's experts do not entitle defendants to a judgment as a matter of law. Even if these statements were admitted to be true, the legal effect of the admitted facts would not show that there is no genuine issue as to a material fact. The experts' statements only indicate they were not aware of any basis for criticism at the time of the deposition and that they had not examined the records, including X rays, of the Randolph Hospital at the time of the depositions. The experts' statements did not aver positively that defendants were not negligent or that they did not deviate from acceptable medical practice. Nor can we conclude that the testimony of Drs. Whittenberg and Shoss shows that there is no genuine issue of material fact. It is true that they stated the X rays showed no fracture on January 17, 1981. We also acknowledge plaintiff has not come forward with the opinion of an expert in an affidavit or deposition who believes defendants acted negligently. However, "[t]o determine whether a genuine issue of material fact exists, a court must consider the evidence presented in a light most favorable to the nonmoving

party and accept as true all reasonable inferences favoring that party." (*Mount Prospect State Bank v. Forestry Recycling Sawmill* (1980), 93 Ill. App. 3d 448, 457, 417 N.E.2d 621, 628.) The record indicates plaintiff allegedly was injured in an auto accident on January 17, 1981, was admitted to Chester Memorial Hospital that same day, was discharged on January 20, 1981, then went to the Veterans Hospital in Marion later on January 20, and doctors there took X rays which disclosed he had a fracture of the cervical spine. A reasonable inference from these facts is that plaintiff suffered the fracture in the auto accident, it was not discovered at Chester Memorial Hospital, and that because it was readily discovered three days later, that the failure to discover the fracture on January 17 was the result of negligence. We believe this inference is sufficient to preserve a genuine issue of material fact. It is established that even though the party opposing the motion for summary judgment fails to file counteraffidavits, the moving party is not entitled to summary judgment unless the affidavits filed in support of the motion establish, as a matter of law, his right to the judgment. *Fryison v. McGee* (1982), 106 Ill. App. 3d 537, 539, 436 N.E.2d 12, 14.

Defendants further argue that paragraph (d) of Rule 220 requires that summary judgment be granted in favor of defendants in this case. Rule 220(d) provides:

> "(d) Scope of Testimony. To the extent that the facts known or opinions held by an expert have been developed in discovery proceedings through interrogatories, depositions or requests to produce, his direct testimony at trial may not be inconsistent with or go beyond the fair scope of the facts known or opinions disclosed in such discovery proceedings. However, he shall not be prevented from testifying as to facts or opinions on matters regarding which inquiry was not made in the discovery proceedings." (107 Ill. 2d R. 220(d).)

The purpose of Rule 220 is to provide for discovery, not to dismiss plaintiff's cause of action. As one court has recently stated, "Rule 220 does not work to bar a plaintiff from bringing an action if it is not followed, it merely prohibits a plaintiff from having experts testify at trial if they were not disclosed." (*Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 396, 505 N.E.2d 776, 780.) Rule 220 does not mandate dismissal with prejudice for failure of compliance. (153 Ill. App. 3d 390, 396, 505 N.E.2d 776, 780.) In the case *sub judice*, defendants did not seek compliance with Rule 220 or sanctions for failure to comply with the rule at the appropriate time.

Moreover, the discovery process did not come to a close when

defendants filed their motions for summary judgment. While Rule 220 requires a party to provide his opponent with the substance of the opinions held by his experts, there is nothing in the rule which provides for a deadline by which these opinions must be disclosed, other than a general provision that all dates for disclosing expert witnesses set by the trial court shall be chosen to insure completion of discovery regarding expert witnesses not later than 60 days before the anticipated trial date. (107 Ill. 2d R. 220(b)(1).) The stipulation in the present case provides that the parties reveal the names of their experts within 30 days and that an expert not revealed in that time cannot testify. However, the stipulation does not provide that the parties must reveal the substance of the opinions held by those experts within any given time period. Thus there is nothing in the stipulation or in Rule 220 which would prevent plaintiff from supplementing his answers to interrogatories to state that his previously disclosed experts now have opinions on topics on which they earlier held no opinion. In fact, it would appear that under subparagraph (c)(3) of Rule 220, plaintiff would be required to supplement his answer to interrogatories stating new or additional opinions of his experts which clearly implies a right to supplement. Summary judgment is appropriately entered when there is no genuine issue of material fact, but it is not appropriate, nor is it intended to be used, when there is an anticipated incompleteness in discovery.

Therefore, there was a possibility that one of the experts could, upon examining the records, including X-ray film, of Chester Memorial Hospital, have an opinion that the defendants had deviated from acceptable medical practice. At the time summary judgment was entered in the present case, Rule 220 had not prevented an expert's supplemental opinion from being disclosed and his testifying at trial consistent with that opinion.

We do not feel defendants' right to summary judgment is clear and free from doubt. Accordingly, we reverse the summary judgment entered in favor of each defendant and remand to the trial court for further proceedings.

Reversed and remanded.

KASSERMAN and WELCH, JJ., concur.