JOSEPH SCHMITT *et al.*, Plaintiffs-Appellants, v. MOTOROLA, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 87—289

Opinion filed September 9, 1987.

Carr & O'Rourke Associates, of Chicago, for appellants.

Smith & Tamillow and French, Rogers, Kezelis & Kominiarek, P.C., both of Chicago (Terry Norbert Tamillow, Aligimantas Kezelis, and Russell P. Veldenz, of counsel), for appellees.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs Joseph Schmitt and Anthony Carlin appeal from the trial court's denial of their motion for voluntary dismissal and the granting of defendants' motion for summary judgment. On appeal, plaintiffs claim that they have an absolute right to a voluntary dismissal without prejudice prior to trial or hearing pursuant to section 2—1009(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009(a)).

Plaintiffs filed this action on June 15, 1979, against defendants, Motorola Inc. (Motorola), Motorola Communications and Electronics, Inc. (Motorola Communications), and Industrial Electronics Service Company (Industrial Electronics), for personal injuries suffered as a result of using certain electronic communications equipment which was sold by defendants in an allegedly defective and unreasonably dangerous condition. On April 7, 1982, Motorola filed a counterclaim to recover the cost that plaintiffs agreed to pay for the equipment in question.

On January 21, 1982, the court directed plaintiffs to disclose any expert witnesses. Plaintiffs admitted that they had no such experts in a March 10, 1982, pretrial conference. On April 22, 1982, a court ordered plaintiffs to disclose an expert witness on or before July 22, 1982, or be barred from offering evidence as to causation at trial. Plaintiffs failed to disclose an expert by July 22, 1982.

On January 16, 1985, defendants Motorola and Motorola Communications sent supplemental interrogatories regarding plaintiffs' expert pursuant to Supreme Court Rule 220. When plaintiffs failed to

respond, defendants filed a motion to bar plaintiffs from calling expert witnesses at trial. Plaintiffs were granted 60 days within which to name an expert. On June 13, 1986, plaintiffs were granted an additional 30 days within which to disclose an expert witness.

Plaintiffs failed to disclose an expert and on October 9, 1986, defendants presented motions for summary judgment. A hearing on these motions was scheduled for November 10, 1986. On November 6, 1986, plaintiffs filed a motion for voluntary dismissal without prejudice and presented it on November 10, prior to a hearing on defendants' motions for summary judgment. Plaintiffs' motion was denied. On December 18, 1986, the trial court, after reconsideration of plaintiffs' motion, again denied plaintiffs' motion for voluntary dismissal and granted summary judgment as to all defendants.

The Code of Civil Procedure, section 2—1009, allows a plaintiff to dismiss an action or any part thereof as to any defendant at any time before trial or hearing begins. However, after a counterclaim has been pleaded by a defendant, no dismissal may be had as to the defendant except by defendant's consent. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009.) Section 13-217 of the Code of Civil Procedure allows a plaintiff who has voluntarily dismissed the complaint to commence a new action within one year after the dismissal or within the remaining period of limitations, whichever is greater. Ill. Rev. Stat. 1985, ch. 110, par. 13—217.

■ Motorola filed a counterclaim against plaintiffs to recover the purchase cost plaintiffs agreed to pay for the equipment in question. In addition, Motorola has not consented to the voluntary dismissal and therefore section 2—1009 prohibits a voluntary dismissal by plaintiffs as to this defendant. Accordingly, the trial court properly denied plaintiffs' motion for voluntary dismissal as to Motorola.

Remaining for our consideration is the propriety of the denial of the voluntary dismissal in relation to the two other defendants.

In denying plaintiffs' motion, the trial court expressly relied on *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322. In *O'Connell*, defendants filed a motion to dismiss the lawsuit for lack of diligent service of process pursuant to Supreme Court Rule 103(b). (107 Ill. 2d R. 103(b).) Plaintiff then voluntarily dismissed and refiled his action pursuant to sections 2—1009 and 13—217 of the Illinois Code of Civil Procedure. Defendants raised their motion to dismiss for lack of diligent service in the new suit, claiming that plaintiff's right to dismiss and refile acted to defeat Rule 103(b)'s effort to insure prompt service and the prompt administration of justice. Our supreme court found that section 2—1009 conflicted with Rule 103(b)

and resolved the conflict by applying the constitutional principle of separation of powers and the constitutional power vested in the supreme court to promulgate procedural rules. Where the statute conflicts with a supreme court rule, the rule will prevail. (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 281, 492 N.E.2d 1322.) Thus, the supreme court held that a previously filed Rule 103(b) motion must be heard on its merits prior to ruling on plaintiff's motion for voluntary dismissal.

Defendants recognize that subsequent cases have limited the holding of *O'Connell* to situations involving Rule 103(b) motions and have refused to give other supreme court rules or legislative enactments consideration before granting a plaintiff's section 2—1009 motion for voluntary dismissal. (See *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 505 N.E.2d 776; *Mancuso v. Alda Blanche Beach* (1986), 149 Ill. App. 3d 188, 500 N.E.2d 589; *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634.) Defendants argue, however, that the courts have construed *O'Connell* too narrowly. The sanctions imposed upon plaintiffs herein, barring them from presenting expert testimony at trial, were entered pursuant to Supreme Court Rule 219(c)(iv) and Supreme Court Rule 220. (107 Ill. 2d Rules 219(c)(iv), 220.) Defendants maintain that the voluntary dismissal, if granted, would have allowed plaintiffs to refile their complaint under section 13—217 of the Code of Civil Procedure without the impediment of the earlier discovery sanction. Defendants urge that this creates a conflict between the enforcement of discovery rules and the right to a voluntary dismissal similar to the conflict existing in *O'Connell*, and that allowing the voluntary dismissal would unduly infringe upon the court's constitutional authority to regulate the judicial system of Illinois.

We disagree with the trial court's reliance on *O'Connell*. All courts to consider the issue thus far have refused to expand the reasoning of *O'Connell* to find a conflict between other rules or statutes and a plaintiff's right to voluntary dismissal. We reject defendants' contention that *O'Connell* is authority for this court to further infringe upon a plaintiff's right to a voluntary dismissal when that plaintiff has avoided the consequences of a sanction or rule by dismissing the action and refiling within the allowable time period.

Significantly, in *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 505 N.E.2d 776, this court was presented with a situation very similar to the present case, and refused to deny plaintiff's voluntary dismissal. In *Highland*, plaintiff decided not to call an expert witness, which prompted defendants to file a motion for summary judgment. Plaintiff subsequently filed a motion for voluntary dismissal. The trial

court granted plaintiff's motion and did not hear defendants' summary judgment motion. Defendants in *Highland* argued that plaintiff had changed his mind and decided to call an expert and sought to avoid Rule 220 requirements by filing a motion for voluntary dismissal. This court affirmed the trial court, finding that Rule 220 and section 2—1009, allowing for voluntary dismissal, are not in conflict. While no discovery sanctions were imposed in *Highland*, the court's analysis of the relationship between Rule 220 and section 2—1009 is instructive.

The court in *Highland* found that the purpose of Rule 220 was maintained in that if plaintiff wishes to introduce expert testimony in a subsequently filed case, the rule requires him to disclose such experts well in advance of trial. Furthermore, as emphasized in *Highland*, the sanction imposed for violation of Rule 220 does not mandate dismissal with prejudice for failure of compliance, as does Rule 103(b), the rule found to be in conflict with voluntary dismissal in *O'Connell*.

In *Mancuso v. Alda Blanche Beach*, this court, reversing the trial court, upheld the plaintiff's right to voluntarily dismiss notwithstanding defendant's pending section 2—615 motion to dismiss for failure to state a cause of action. (Ill. Rev. Stat. 1983, ch. 110, par. 2—615(a).) The court in *Mancuso* reaffirmed that the holding of *O'Connell* is limited to cases involving a section 2—1009 motion for voluntary dismissal filed in response to a Rule 103(b) motion to dismiss for lack of due diligence in service of process. See also *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634, and *Russ v. Gandhy* (1986), 149 Ill. App. 3d 660, 500 N.E.2d 1032, where this court found that the trial court did not have discretion to consider defendants' motions for summary judgment prior to ruling on plaintiffs' motions for voluntary dismissal.

Finally, under almost exact factual circumstances, this court in another case found that *O'Connell* should be limited to Rule 103(b) motions. In *Gibellina v. Handley* (1987), 158 Ill. App. 3d 866, plaintiff filed a motion for voluntary dismissal after an order of the trial court barred him from producing experts at trial. The trial court denied plaintiff's motion and granted summary judgment in favor of defendants. In reversing the trial court, the appellate court refused to expand *O'Connell* and agreed that there is no conflict with Rule 220 which prevented the granting of plaintiff's motion for voluntary dismissal.

We believe that the courts have properly limited *O'Connell* to cases where voluntary dismissal is sought in response to a Rule 103(b) motion to dismiss. Rule 103(b) bars a plaintiff from bringing his

action, while the sanction imposed in this case only bars plaintiff from having expert testimony as the result of failure to disclose such experts pursuant to Rules 219 and 220. We cannot say that allowing this voluntary dismissal unduly infringes upon the court's constitutional authority to regulate the judicial system of Illinois.

In *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 307-08, 472 N.E.2d 787, in granting plaintiff's motion for voluntary dismissal over defendant's objection, our supreme court said:

> "At common law, the plaintiff could voluntarily dismiss without prejudice at any point before the judgment was returned. The legislature attempted to discourage vexatious lawsuits by limiting the plaintiff's freedom, but only by preventing an automatic voluntary dismissal without prejudice after trial or hearing commenced. [Citation.] Any further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court."

We are instructed by this limiting language and we therefore hold that the trial court did not have the discretion to deny plaintiffs' right to a voluntary dismissal.

For the foregoing reasons, the order of the circuit court of Cook County denying plaintiffs' motion for voluntary dismissal is affirmed as to defendant Motorola, Inc., and reversed as to defendants Motorola Communications and Electronics, Inc., and Industrial Electronics Service Company. The order granting summary judgment is affirmed as to defendant Motorola, Inc., and reversed as to the other defendants.

Affirmed in part, reversed in part.

WHITE and FREEMAN, JJ., concur.