ESTATE OF ROBERT M. JACKSON, Deceased, by Doris Jackson, Special Adm'r, *et al.*, Plaintiffs-Appellants, v. LEONARD SMITH *et al.*, Defendants-Appellees.

First District (5th Division) No. 1—86—3532

Opinion filed December 31, 1987.—Supplemental opinion filed on denial of rehearing June 2, 1989.

Ronald S. Fishman, of Chicago (Mark D. Debofsky, of counsel), for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Richard R. Winter, and Mayer Goldberg, of counsel), for appellee Leonard Smith, M.D.

Peterson, Ross, Schloerb & Seidel, of Chicago (Thomas S. White and Theodore T. Schuld, of counsel), for appellee Mercy Hospital and Medical Center.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from orders barring plaintiff from presenting an expert witness at trial, denying her motion for a voluntary dismissal and granting defendants' motions for summary judgment.

On December 7, 1982, plaintiff, Doris Jackson, individually and as special administrator of the estate of Robert M. Jackson, filed a medical malpractice action against defendants Mercy Hospital and Medical Center (Mercy) and Dr. Leonard Smith. Her three-count complaint, in which she sought damages for the wrongful death and the loss of the

support and companionship of her husband, Robert Jackson (decedent), alleged that he was admitted to Mercy on October 21, 1981, and the following day underwent knee surgery performed by Dr. Smith. On October 25, he complained of pain in his leg and of having difficulty breathing. Over the next few days, he became increasingly agitated and confused and experienced swelling in the lower portion of his left leg. In the early morning of October 27, he suffered cardiopulmonary arrest. Resuscitation efforts were unsuccessful, and he died. The postmortem examination revealed that the cause of death was a pulmonary embolism. Plaintiff alleges that decedent's death resulted from the negligence of defendants in their diagnosis and treatment of him.

On February 22, 1983, defendants served plaintiff with a notice to produce the names of any experts she intended to call as witnesses at trial. On June 8, 1983, plaintiff responded "none at this time." At the first pretrial conference, on December 5, 1984, the trial court entered an order requiring disclosure by February 1, 1985. Plaintiff neither named an expert on that date nor requested an extension of time in which to do so. On July 30, 1985, a second order was entered (a) directing plaintiff to identify her expert by October 1, 1985, and (b) continuing the pretrial until February 6, 1986. On October 3, 1985, defendants presented a motion requesting that the trial court enter an order, pursuant to Supreme Court Rule 220 (107 Ill. 2d R. 220), barring plaintiff from presenting expert testimony at trial. Defendants assert that they personally served plaintiff's attorney with the motion and notice of it on September 30, 1985; however, plaintiff maintains that she received only the motion but not notice that a hearing on it was scheduled for October 3 and, thus, did not appear at the hearing whereat the court entered an order barring her from presenting an expert witness at trial. On October 22, 1985, plaintiff served defendants with a motion for an extension of time in which to name an expert. In response thereto, defendants served plaintiff with a motion to strike, based upon entry of the October 3 order. On November 18, defendants filed a motion for summary judgment, together with the affidavit of Dr. Richard Jones, their expert witness, who stated that the treatment rendered by defendants to decedent met the accepted standard of care. A hearing on the motion was set for January 21, 1986. Plaintiff thereafter filed the first of several motions to vacate the order barring her expert witnesses. A hearing thereon was conducted on January 15, 1986, but when plaintiff's attorney stated that he required additional time to secure an expert, the trial court denied the motion to vacate for lack of diligence. The mo-

tion for summary judgment was continued to April 8, 1986, and then again to July 14. On April 17, plaintiff served defendants with her second motion to vacate the October 3 order, indicating therein that she had secured an expert witness—Dr. Lawrence Dry, Jr. On June 18, the trial court denied her motion on the bases that plaintiff had failed to disclose the identity of the expert when given the opportunity at the January 15 hearing and that in the light of plaintiff's dilatory conduct, the sanction was appropriate. The court did, however, grant plaintiff's request for an extension to file her response to defendants' motions for summary judgment, and the matter was continued to August 21, 1986. Plaintiff's third motion to vacate was filed on July 2 before a judge in the pretrial and mediation division who declined to entertain the motion on the ground that he lacked authority to consider it, and he transferred the case back to the motion judge who had entered the order. On August 7, Mercy filed a motion to strike the affidavit of Dr. Dry which plaintiff had attached to her response to the motions for summary judgment, arguing that the order barring expert testimony at trial operated to also exclude an expert's affidavit for purposes of raising a question of fact to defeat a motion for summary judgment. Plaintiff then filed a fourth motion to vacate the sanction order, which was heard and denied on August 27, 1986. The hearing on the motions for summary judgment having been set for final arguments on December 1, plaintiff filed a motion to voluntarily dismiss the action in early September 1986. That motion was denied on November 10 and, at the December 1 hearing, the trial court granted defendants' motions to strike the affidavit of plaintiff's expert and entered summary judgment in their favor. This appeal followed.

OPINION

On appeal, plaintiff contends that (1) the trial court's order barring expert witnesses from testifying at trial was void because it was entered without notice to her; (2) the trial court abused its discretion in denying her motion to vacate that order; (3) the court erred in (a) refusing to allow her to voluntarily dismiss the action, and (b) granting summary judgment for defendants. Section 2—1009 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009(a)), provides in pertinent part:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without preju-

dice, by order filed in the cause."

In *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, the defendants appealed from an order granting the plaintiff's motion for a voluntary dismissal which had been filed after the trial court had ruled on various motions *in limine* on the date set for trial. Responding to the defendants' arguments that trial began when the court ruled on those motions and that the plaintiff should not be allowed to "test the waters" and then voluntarily dismiss after receiving adverse rulings, the supreme court held that arguments and rulings on pretrial motions did not constitute the commencement of trial and stated:

> "At common law, the plaintiff could voluntarily dismiss without prejudice at any point before the judgment was returned. The legislature attempted to discourage vexatious suits by limiting the plaintiff's freedom, but only by preventing an automatic voluntary dismissal without prejudice after trial or hearing commenced. [Citation.] Any further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court." 104 Ill. 2d at 307-08, 472 N.E.2d at 789.

Its statement in *Kahle* notwithstanding, the supreme court did, as defendants point out, subsequently carve out an additional exception to the common law rule that a plaintiff has an absolute right to a voluntary dismissal in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322. In that case, the defendants filed a motion, pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)), to dismiss the plaintiff's complaint with prejudice for lack of diligent service of process. Plaintiff moved for and was granted a voluntary dismissal without prejudice and thereafter refiled the action pursuant to section 13—217 (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) of the Code. Defendants again moved to dismiss under Rule 103(b), reasserting plaintiff's lack of diligence in effecting service of process in the original suit. The trial court denied the motions but certified an interlocutory appeal, which was denied by the appellate court. The supreme court granted leave to appeal and found that a conflict existed between its Rule 103(b) and sections 2—1009 and 13—217 of the Code, and that under the circumstances of the case, the Code provisions unduly infringed upon the judiciary's ability to discharge its duties fairly and expeditiously and its exclusive authority to render judgments, noting that "[n]othing is more critical to the judicial function than the administration of justice without delay [citation]" and that "[c]entral to discharging this function, the judiciary must be unimpeded in considering and rendering judgments on matters before it." (112 Ill. 2d at 282, 492 N.E.2d at 1326.) The court held that "[w]here

a rule of this court on a matter within the court's authority and a statute on the same subject conflict, the rule will prevail" (emphasis in original) (*O'Connell*, 112 Ill. 2d at 281, 492 N.E.2d at 1326); and it thus ruled that where a plaintiff relying on section 2—1009 moves to voluntarily dismiss his action while a Rule 103(b) motion is pending, the trial court must hear the Rule 103(b) dismissal motion on its merits prior to ruling on plaintiff's motion for a voluntary dismissal.

Defendants acknowledge that in numerous recent decisions this court has refused to extend the holding in *O'Connell* to defense motions other than those for dismissal with prejudice for failure to effect diligent service of process under Rule 103(b). (*Kendle v. Village of Downers Grove* (1987), 156 Ill. App. 3d 545, 509 N.E.2d 723; *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634; *Kern v. Peabody Coal Co.* (1987), 151 Ill. App. 3d 807, 502 N.E.2d 1322; *Mancuso v. Beach* (1986), 149 Ill. App. 3d 188, 500 N.E.2d 589.) Nevertheless, they advance numerous arguments in support of their position that *O'Connell* represents a change in the law and is controlling of the case before us; and they urge us to "take a controversial stand" in adopting the reasoning and holding of *O'Connell* to affirm the trial court's orders denying plaintiff's motion for voluntary dismissal and granting summary judgment in their favor.

Defendants first posit that granting a voluntary dismissal without prejudice after a sanction which is "potentially dispositive" of the case has been imposed for noncompliance with orders to disclose expert witnesses and while a motion for summary judgment is pending creates a conflict between section 2—1009 and Supreme Court Rule 220 of the same type found in *O'Connell* between section 2—1009 and Rule 103(b). They argue that by voluntarily dismissing the action without prejudice to refiling it under section 13—217 within one year, the plaintiff is able to defeat the purpose and evade the effect of Rule 220 to compel the timely disclosure of expert witnesses. This, they claim, results in an infringement upon the constitutional authority of the judiciary to promulgate and enforce rules to promote the prompt, fair and efficient administration of justice and to render judgments and therefore requires, under the reasoning in *O'Connell*, that the rule must prevail.

Virtually identical arguments in the context of near-identical factual situations were recently made—and rejected—in *Schmitt v. Motorola, Inc.* (1987), 160 Ill. App. 3d 1059, 513 N.E.2d 1069, and *Gibellina v. Handley* (1987), 158 Ill. App. 3d 866, 511 N.E.2d 884. In both cases, the plaintiffs, who had been barred from presenting expert testimony at trial as a sanction for failure to comply with orders

to disclose the names of their experts, moved to voluntarily dismiss their actions prior to hearings on pending defense motions for summary judgment. The voluntary dismissal motions were denied and summary judgment was entered as to all defendants.

In reversing those orders, the appellate panels adopted the reasoning in *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 505 N.E.2d 776, on the issue of the relationship between section 2—1009 and Rule 220. In *Highland,* the decision of plaintiff's original counsel to not call expert witnesses at trial prompted defendants to move for summary judgment. However, following that attorney's withdrawal from the case and a review of the file by substitute counsel, plaintiff filed a motion for a voluntary dismissal, which was granted. Relying on *O'Connell,* the defendants argued on appeal that allowing the dismissal rendered Rule 220 nugatory. The *Highland* court determined that *O'Connell* was not controlling, reasoning that unlike Rule 103(b), Rule 220 does not mandate dismissal of the action with prejudice nor is its effect negated by a voluntary dismissal without prejudice, because if a plaintiff wishes to introduce expert testimony in a subsequently filed case, he is obligated by the terms of the rule to disclose the identity of the experts well in advance of trial. The *Gibellina* and *Schmitt* courts agreed with *Highland* to the extent that it holds that section 2—1009 does not conflict with Rule 220 and, following the numerous other decisions of this court, which are cited above, ruled that *O'Connell* is limited to those cases where a voluntary dismissal is sought in response to a Rule 103(b) motion to dismiss. See also *Jacobsen v. Ragsdale* (1987), 160 Ill. App. 3d 656, 513 N.E.2d 1112; *Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 513 N.E.2d 12.

■ We are in accord with the conclusion reached by the *Schmitt, Gibellina* and *Highland* courts in finding that *O'Connell* is inapplicable to the facts before us because section 2—1009 does not conflict with Supreme Court Rule 220, as it does when it is invoked in response to a Rule 103(b) motion. Expanding upon the reasoning therein, we note that Rule 103(b) is, by its title and terms, a dismissal provision. As stated by the supreme court in *O'Connell,* due diligence in serving process is essential in that "it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit" and, "[i]n addition, *** shortens the time needed to investigate, prepare and litigate the issues raised." (Emphasis added.) (*O'Connell,* 112 Ill. 2d at 282, 492 N.E.2d at 1326.) In contrast, Rule 220 is not a dismissal provision, but, rather, a discovery provision (see *Addison v. Whittenberg* (1987), 159 Ill. App. 3d 585, 512 N.E.2d 76), the sole pur-

pose of which—according to the committee comments—is to insure the parties to a lawsuit sufficient time in advance of trial for the preparation of their case by "eliminating the last-minute disclosure of experts on the courthouse steps or during the course of trial." Ill. Ann. Stat., ch. 110A, par. 220, Committee Comments, at 438 (Smith-Hurd 1985).

We in no way minimize the importance of expeditious discovery or intend our remarks to countenance disregard of discovery rules and orders; however, we do not believe that failing to timely provide an opponent with information as to the identity of an expert who will testify regarding already identified issues in an *existing action* constitutes an "infringement" on the administration of justice of the same type or degree as failing to give an opponent timely, legal notice of an *impending action* as to necessitate expansion of the *O'Connell* exception to the general rule that a plaintiff's right to a voluntary dismissal prior to trial is absolute.

■ Furthermore, unlike *O'Connell*, the "conflict" in this case, as well as in *Schmitt, Gibellina* and *Highland*, was not between a legislative enactment and a Supreme Court Rule but, rather, between sections 2—1009 (voluntary dismissal) and 2—1005 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005) (summary judgment) of the Code. (*Cf. Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 513 N.E.2d 12.) That plaintiff's admitted motivation for seeking a voluntary dismissal was to prevent the termination of her action through the entry of summary judgment due to the Rule 220 sanction precluding her from submitting the affidavit of an expert to raise a genuine issue of fact or law does not, as defendants posit, create a conflict between section 2—1009 and the rule. Where the statutory requirements are met, the plaintiff is entitled to a voluntary dismissal regardless of the circumstances or motivations. *Jacobsen v. Ragsdale* (1987), 160 Ill. App. 3d 656, 513 N.E.2d 1112; *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634.

Defendants further assert that recent law "confirms that it was within the trial court's discretion to resolve their pending motions for summary judgment prior to considering plaintiff's motion to voluntarily dismiss." Specifically, they cite *Dillie v. Bisby* (1985), 136 Ill. App. 3d 170, 483 N.E.2d 307, an appeal from the granting of plaintiff's motion for a voluntary dismissal without consideration by the trial court of the defendant's Rule 103(b) motion to dismiss. After determining that the holding in *O'Connell* required reversal and remandment of the case, the third district appellate court in *Dillie* added, "trial courts should have discretion to consider any defense motion which might result in a dismissal with prejudice prior to ruling on a plain-

tiff's voluntary dismissal motion" (136 Ill. App. 3d at 172, 483 N.E.2d at 308).

Defendants acknowledge that in *Mancuso v. Beach* (1986), 149 Ill. App. 3d 188, 500 N.E.2d 589, we held that *Dillie* "is limited to its facts, *i.e.* to cases involving a section 2—1009 motion for voluntary dismissal filed in response to a Rule 103(b) motion to dismiss for lack of due diligence in service of process" (149 Ill. App. 3d at 192, 500 N.E.2d at 591). They submit, however, that the *Mancuso* decision "misinterprets the *Dillie* court's reasoning." In support thereof, they point out that although the court in *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 505 N.E.2d 776, found no conflict between section 2—1009 and Rule 220 which warranted reversal of the order granting plaintiff's motion to voluntarily dismiss, it expressly stated that its earlier opinion in *Dillie* modified previous law by giving the trial court discretion to consider any defense motion which might result in an involuntary dismissal prior to ruling on a motion for voluntary dismissal. In *Mancuso*, which preceded *Highland*, we did not criticize *Dillie* but merely refused to interpret its reference to "any" defense motion as inclusive of *all* such motions. However, in view of the pronouncement in *Highland* and defendants' reliance on it, it is incumbent upon us to clarify our position. To the extent *Highland* holds that *Dillie* alters previously existing law by conferring on trial courts the discretion to defer ruling on a motion for voluntary dismissal until after consideration of any defense motion which could result in dismissal with prejudice, we, like the courts in *Jacobsen v. Ragsdale* (1987), 160 Ill. App. 3d 656, 513 N.E.2d 1112, *Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 513 N.E.2d 12, and *Gibellina v. Handley* (1987), 158 Ill. App. 3d 866, 511 N.E.2d 884, expressly decline to follow it. Instead, we reiterate our adherence to the rule enunciated in *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, and hold that except for the limited exception established in *O'Connell*, the right to a voluntary dismissal without prejudice prior to the commencement of trial is an absolute right which a trial court has no discretion to deny, a position in accord with the weight of authority in this State. *Schmitt v. Motorola, Inc.* (1987), 160 Ill. App. 3d 1059, 513 N.E.2d 1069; *Jacobsen v. Ragsdale* (1987), 160 Ill. App. 3d 656, 513 N.E.2d 1112; *Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 513 N.E.2d 12; *Gibellina v. Handley* (1987), 158 Ill. App. 3d 866, 511 N.E.2d 884; *Kendle v. Village of Downers Grove* (1987), 156 Ill. App. 3d 545, 509 N.E.2d 723; *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634; *Kern v. Peabody Coal Co.* (1987), 151 Ill. App. 3d 1322, 807 N.E.2d 1322; *Russ v. Gan-*

*dhy* (1986), 149 Ill. App. 3d 660, 500 N.E.2d 1032; *Davis v. International Harvester Co.* (1985), 139 Ill. App. 3d 264, 487 N.E.2d 385.

Defendants' correlative assertion, that *Kahle* itself "made a significant inroad into the 'absolute' nature of voluntary dismissals" by holding that they are subject to review on appeal, is wholly without merit. As discussed earlier, *Kahle* was an appeal from a voluntary dismissal granted after the trial court had ruled on motions *in limine* and denied the plaintiff's motion for a continuance. In holding that the order was final and appealable, the supreme court reasoned that if the order were not subject to review, there would be no method by which to determine whether the trial court correctly decided, as a matter of law, that a trial had not begun and therefore correctly entered an order of voluntary dismissal. Clearly, the supreme court in *Kahle* did not place any additional restrictions on the right to a voluntary dismissal, but simply construed the single limitation imposed by the legislature on the otherwise unfettered common law right to a voluntary dismissal.

Finally, defendants argue that this case exemplifies the continuing abuse by plaintiffs of the privilege of voluntarily dismissing actions without prejudice. They point out that this case has been pending in the court system since 1982 and that they have expended considerable time and money incident to defending against it. They urge that not only would a voluntary dismissal work a severe hardship upon them but would also frustrate the efforts of the trial court to enforce established rules of procedure.

Reviewing courts are not unaware of the potential for abuse of the right to a voluntary dismissal. It has been observed, however, that whether abuse exists turns largely on the perspective of the litigants. (*Jacobsen v. Ragsdale* (1987), 160 Ill. App. 3d 656, 513 N.E.2d 1112; *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634.) In any event, as the court stated in *Kahle*:

> "The defendants \*\*\* do not control the progress of the case \*\*\* \*\*\*
>
> While it is unfortunate that [they] have been inconvenienced, that sometimes happens in our adversary system. As long as the dismissal order is subject to review, the defendants have suffered no legal prejudice. (*Kahle*, 104 Ill. 2d at 307, 472 N.E.2d at 789.)

The court concluded, as we quoted earlier:

> "Any further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court." 104 Ill. 2d at 308, 472 N.E.2d at 789.

Accordingly, we hold that the trial court erred in denying plaintiff's motion for a voluntary dismissal and entering summary judgment for defendants; and we reverse and remand the cause for further proceedings without consideration of the remaining issues presented for review.

Reversed and remanded.

LORENZ and PINCHAM, JJ., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE COCCIA delivered the opinion of the court:

On December 31, 1987, Justice John J. Sullivan filed an opinion reversing and remanding this appeal. The opinion was concurred in by Justices Lorenz and Pincham. Petitions for rehearing were filed by both defendants requesting this court to grant a rehearing, staying its ruling of December 31, 1987, pending the Illinois Supreme Court's decision in the case of *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858, a similar appeal, with identical issues, the disposition of which would be controlling here. Justice Sullivan retired on October 1, 1988, and the appeal was subsequently reassigned to Justice Michel A. Coccia.

In reversing the orders denying plaintiff's motion for a voluntary dismissal and granting summary judgment for defendants, we held that under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009(a)), a plaintiff's right to a voluntary dismissal without prejudice prior to the commencement of trial is an absolute right which the trial court had no discretion to deny. *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858, recently decided by the Illinois Supreme Court, is totally in accord with the opinion delivered by this court on December 31, 1987.

As set forth in Justice Sullivan's original opinion, this is an appeal from orders barring plaintiff from presenting an expert witness at trial, denying her motion for a voluntary dismissal and granting defendants' motions for summary judgment.

On December 7, 1982, plaintiff, Doris Jackson, individually and as special administrator of the estate of Robert M. Jackson, filed a medical malpractice action against defendants Mercy Hospital and Medical Center (Mercy) and Dr. Leonard Smith. Her three-count complaint, in which she sought damages for the wrongful death and the loss of the support and companionship of her husband, Robert Jackson (dece-

dent), alleged that he was admitted to Mercy on October 21, 1981, and the following day underwent knee surgery performed by Dr. Smith. On October 25, he complained of pain in his leg and of having difficulty breathing. Over the next few days, he became increasingly agitated and confused and experienced swelling in the lower portion of his left leg. In the early morning of October 27, he suffered cardiopulmonary arrest. Resuscitation efforts were unsuccessful, and he died. The post-mortem examination revealed that the cause of death was a pulmonary embolism. Plaintiff alleges that decedent's death resulted from the negligence of defendants in their diagnosis and treatment of him.

On February 22, 1983, defendants served plaintiff with a notice to produce the names of any experts she intended to call as witnesses at trial. On June 8, 1983, plaintiff responded, "none at this time." At the first pretrial conference, on December 5, 1984, the trial court entered an order requiring disclosure by February 1, 1985. Plaintiff neither named an expert on that date nor requested an extension of time in which to do so. On July 30, 1985, a second order was entered (a) directing plaintiff to identify her expert by October 1, 1985, and (b) continuing the pretrial until February 6, 1986. On October 3, 1985, defendants presented a motion requesting that the trial court enter an order, pursuant to Supreme Court Rule 220 (107 Ill. 2d R. 220), barring plaintiff from presenting expert testimony at trial. Defendants assert that they personally served plaintiff's attorney with the motion and notice of it on September 30, 1985; however, plaintiff maintains that she received only the motion but not notice that a hearing on it was scheduled for October 3 and, thus, did not appear at the hearing whereat the court entered an order barring her from presenting an expert witness at trial. On October 22, 1985, plaintiff serviced defendants with a motion for an extension of time in which to name an expert. In response thereto, defendants served plaintiff with a motion to strike, based upon entry of the October 3 order. On November 18, defendants filed a motion for summary judgment together with the affidavit of Dr. Richard Jones, their expert witness, who stated that the treatment rendered by defendants to decedent met the accepted standard of care. A hearing on the motion was set for January 21, 1986. Plaintiff thereafter filed the first of several motions to vacate the order barring her expert witnesses. A hearing thereon was conducted on January 15, 1986, but when plaintiff's attorney stated that he required additional time to secure an expert, the trial court denied the motion to vacate for lack of diligence. The motion for summary judgment was continued to April 8, 1986, and then again to July

14. On April 17, plaintiff served defendants with her second motion to vacate the October 3 order, indicating therein that she had secured an expert witness—Dr. Lawrence Dry, Jr. On June 18, the trial court denied her motion on the bases that plaintiff had failed to disclose the identity of the expert when given the opportunity at the January 15 hearing and that in the light of plaintiff's dilatory conduct, the sanction was appropriate. The court did, however, grant plaintiff's request for an extension to file her response to defendants' motions for summary judgment, and the matter was continued to August 21, 1986. Plaintiff's third motion to vacate was filed on July 2 before a judge in the pretrial and mediation division who declined to entertain the motion on the ground that he lacked authority to consider it and he transferred the case back to the motion judge who had entered the order. On August 7, Mercy filed a motion to strike the affidavit of Dr. Dry which plaintiff had attached to her response to the motions for summary judgment, arguing that the order barring expert testimony at trial operated to also exclude an expert's affidavit for purposes raising a question of fact to defeat a motion for summary judgment. Plaintiff then filed a fourth motion to vacate the sanction order, which was heard and denied on August 27, 1986. The hearing on the motions for summary judgment having been set for final arguments on December 1, plaintiff filed a motion to voluntarily dismiss the action in early September 1986. That motion was denied on November 10 and, at the December 1 hearing, the trial court granted defendants' motions to strike the affidavit of plaintiff's expert and entered summary judgment in their favor. This appeal followed.

Opinion

■ On appeal, plaintiff contends that (1) the trial court's order barring expert witnesses from testifying at trial was void because it was entered without notice to her; (2) the trial court abused its discretion in denying her motion to vacate that order; (3) the court erred in (a) refusing to allow her to voluntarily dismiss the action, and (b) granting summary judgment for defendants. Section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009(a)) provides in pertinent part:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause."

In *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787,

the defendants appealed from an order granting the plaintiff's motion for a voluntary dismissal which had been filed after the trial court had ruled on various motions *in limine* on the date set for trial. Responding to the defendants' arguments that trial began when the court ruled on those motions and that the plaintiff should not be allowed to "test the waters" and then voluntarily dismiss after receiving adverse rulings, the supreme court held that arguments and rulings on pretrial motions did not constitute the commencement of trial and stated:

"At common law, the plaintiff could voluntarily dismiss without prejudice at any point before the judgment was returned. The legislature attempted to discourage vexatious suits by limiting the plaintiff's freedom, but only by preventing an automatic voluntary dismissal without prejudice after trial or hearing commenced. [Citation.] Any further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court." 104 Ill. 2d at 307-08, 472 N.E.2d at 789.

■■ Its statement in *Kahle* notwithstanding, the supreme court did, as defendants point out, subsequently carve out an additional exception to the common law rule that a plaintiff has an absolute right to a voluntary dismissal in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322. In that case, the defendants filed a motion, pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)), to dismiss the plaintiff's complaint with prejudice for lack of diligent service of process. Plaintiff moved for and was granted a voluntary dismissal without prejudice and thereafter refiled the action pursuant to section 13—217 (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) of the Code. Defendants again moved to dismiss under Rule 103(b), reasserting plaintiff's lack of diligence in effecting service of process in the original suit. The trial court denied the motions but certified an interlocutory appeal, which was denied by the appellate court. The supreme court granted leave to appeal and found that a conflict existed between its Rule 103(b) and sections 2—1009 and 13—217 of the Code, and that under the circumstances of the case, the Code provisions unduly infringed upon the judiciary's ability to discharge its duties fairly and expeditiously and its exclusive authority to render judgments, noting that "[n]othing is more critical to the judicial function than the administration of justice without delay [citation]" and that "[c]entral to discharging this function, the judiciary must be unimpeded in considering and rendering judgments on matters before it." (*O'Connell*, 112 Ill. 2d at 282, 492 N.E.2d at 1326.) The court held that "[w]here a rule of this court on a matter within the court's authority and a statute on the same subject conflict, *the rule will pre-*

*vail"* (emphasis in original) (112 Ill. 2d at 281, 492 N.E.2d at 1326), and it thus ruled that where a plaintiff, relying on section 2—1009, moves to voluntarily dismiss his action while a Rule 103(b) motion is pending, the trial court must hear the Rule 103(b) dismissal motion on its merits prior to ruling on plaintiff's motion for a voluntary dismissal.

Defendants acknowledge that in numerous recent decisions this court has refused to extend the holding in *O'Connell* to defense motions other than those for dismissal with prejudice for failure to effect diligent service of process under Rule 103(b). (*Kendle v. Village of Downers Grove* (1987), 156 Ill. App. 3d 545, 509 N.E.2d 723; *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634; *Kern v. Peabody Coal Co.* (1987), 151 Ill. App. 3d 807, 502 N.E.2d 1322; *Mancuso v. Beach* (1986), 149 Ill. App. 3d 188, 500 N.E.2d 589.) Nevertheless, they advance numerous arguments in support of their position that *O'Connell* represents a change in the law and is controlling of the case before us, and they urge us to "take a controversial stand" in adopting the reasoning and holding of *O'Connell* to affirm the trial court's orders denying plaintiff's motion for voluntary dismissal and granting summary judgment in their favor.

■ Defendants first posit that granting a voluntary dismissal without prejudice after a sanction which is "potentially dispositive" of the case has been imposed for noncompliance with orders to disclose expert witnesses and while a motion for summary judgment is pending creates a conflict between section 2—1009 and Supreme Court Rule 220 of the same type found in *O'Connell* between section 2—1009 and Rule 103(b). They argue that by voluntarily dismissing the action without prejudice to refiling it under section 13—217 within one year, the plaintiff is able to defeat the purpose and evade the effect of Rule 220 to compel the timely disclosure of expert witnesses. This, they claim, results in an infringement upon the constitutional authority of the judiciary to promulgate and enforce rules to promote the prompt, fair and efficient administration of justice and to render judgments and therefore requires, under the reasoning in *O'Connell*, that the rule must prevail.

Virtually identical arguments in the context of near-identical factual situations were recently made—and rejected—in *Schmitt v. Motorola, Inc.* (1987), 160 Ill. App. 3d 1059, 513 N.E.2d 1069, and *Gibellina v. Handley* (1987), 158 Ill. App. 3d 866, 511 N.E.2d 884. In both cases, the plaintiffs, who had been barred from presenting expert testimony at trial as a sanction for failure to comply with orders to disclose the names of their experts, moved to voluntarily dismiss

their actions prior to hearings on pending defense motions for summary judgment. The voluntary dismissal motions were denied and summary judgment was entered as to all defendants.

In reversing those orders, the appellate panels adopted the reasoning in *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 505 N.E.2d 776, on the issue of the relationship between section 2—1009 and Rule 220. In *Highland*, the decision of plaintiff's original counsel to not call expert witnesses at trial prompted defendants to move for summary judgment. However, following that attorney's withdrawal from the case and a review of the file by substitute counsel, plaintiff filed a motion for a voluntary dismissal, which was granted. Relying on *O'Connell*, the defendants argued on appeal that allowing the dismissal rendered Rule 220 nugatory. The *Highland* court determined that *O'Connell* was not controlling, reasoning that unlike Rule 103(b), Rule 220 does not mandate dismissal of the action with prejudice nor is its effect negated by a voluntary dismissal without prejudice because if a plaintiff wishes to introduce expert testimony in a subsequently filed case, he is obligated by the terms of the rule to disclose the identity of the experts well in advance of trial. The *Gibellina* and *Schmitt* courts agreed with *Highland* to the extent that it holds that section 2—1009 does not conflict with Rule 220 and, following the numerous other decisions of this court, which are cited above, ruled that *O'Connell* is limited to those cases where a voluntary dismissal is sought in response to a Rule 103(b) motion to dismiss. See also *Jacobsen v. Ragsdale* (1987), 160 Ill. App. 3d 656, 513 N.E.2d 1112; *Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 513 N.E.2d 12.

■ We are in accord with the conclusion reached by the *Schmitt, Gibellina* and *Highland* courts in finding that *O'Connell* is inapplicable to the facts before us because section 2—1009 does not conflict with Supreme Court Rule 220 as it does when it is invoked in response to a Rule 103(b) motion. Expanding upon the reasoning therein, we note that Rule 103(b), is, by its title and terms, a dismissal provision. As stated by the supreme court in *O'Connell*, due diligence in serving process is essential in that "it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit," and *"[i]n addition,* \*\*\* shortens the time needed to investigate, prepare and litigate the issues raised." (Emphasis added.) (*O'Connell*, 112 Ill. 2d at 282, 492 N.E.2d at 1326.) In contrast, Rule 220 is not a dismissal provision, but, rather, a discovery provision (see *Addision v. Whittenberg* (1987), 159 Ill. App. 3d 585, 512 N.E.2d 76), the sole purpose of which—according to the committee

comments—is to insure the parties to a lawsuit sufficient time in advance of trial for the preparation of their case by "eliminating the last-minute disclosure of experts on the courthouse steps or during the course of trial." Ill. Ann. Stat., ch. 110A, par. 220, Committee Comments, at 438 (Smith-Hurd 1985).

We in no way minimize the importance of expeditious discovery or intend our remarks to countenance disregard of discovery rules and orders; however, we do not believe that failing to timely provide an opponent with information as to the identity of an expert who will testify regarding already identified issues in an *existing action* constitutes an "infringement" on the administration of justice of the same type or degree as failing to give an opponent timely, legal notice of an *impending action* as to necessitate expansion of the *O'Connell* exception to the general rule that a plaintiff's right to a voluntary dismissal prior to trial is absolute.

Furthermore, unlike *O'Connell*, the "conflict" in this case, as well as in *Schmitt, Gibellina* and *Highland*, was not between a legislative enactment and a supreme court rule but, rather, between sections 2—1009 (voluntary dismissal) and 2—1005 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005) (summary judgment) of the Code. (*Cf. Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 513 N.E.2d 12.) That plaintiff's admitted motivation for seeking a voluntary dismissal was to prevent the termination of her action through the entry of summary judgment due to the Rule 220 sanction precluding her from submitting the affidavit of an expert to raise a genuine issue of fact or law does not, as defendants posit, create a conflict between section 2—1009 and the rule. Where the statutory requirements are met, the plaintiff is entitled to a voluntary dismissal regardless of the circumstances or motivations. *Jacobsen v. Ragsdale* (1987), 160 Ill. App. 3d 656, 513 N.E.2d 1112; *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634.

Defendants further assert that recent law "confirms that it was within the trial court's discretion to resolve their pending motions for summary judgment prior to considering plaintiff's motion to voluntarily dismiss." Specifically, they cite *Dillie v. Bisby* (1985), 136 Ill. App. 3d 170, 483 N.E.2d 307, an appeal from the granting of plaintiff's motion for a voluntary dismissal without consideration by the trial court of the defendant's Rule 103(b) motion to dismiss. After determining that the holding in *O'Connell* required reversal and remandment of the case, the Third District Appellate Court in *Dillie* added, "trial courts should have discretion to consider any defense motion which might result in a dismissal with prejudice prior to ruling on a plain-

tiff's voluntary dismissal motion," 136 Ill. App. 3d at 172, 483 N.E.2d at 308.

Defendants acknowledge that in *Mancuso v. Beach* (1986), 149 Ill. App. 3d 188, 500 N.E.2d 589, we held that *Dillie* "is limited to its facts, *i.e.*, to cases involving a section 2—1009 motion for voluntary dismissal filed in response to a Rule 103(b) motion to dismiss for lack of due diligence in service of process" (149 Ill. App. 3d at 192, 500 N.E.2d at 591). They submit, however, that the *Mancuso* decision "misinterprets the *Dillie* court's reasoning." In support thereof, they point out that although the court in *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 505 N.E.2d 776, found no conflict between section 2—1009 and Rule 220 which warranted reversal of the order granting plaintiff's motion to voluntarily dismiss, it expressly stated that its earlier opinion in *Dillie* modified previous law by giving the trial court discretion to consider any defense motion which might result in an involuntary dismissal prior to ruling on a motion for voluntary dismissal. In *Mancuso*, which preceded in *Highland,* we did not criticize *Dillie* but merely refused to interpret its reference to "any" defense motion as inclusive of *all* such motions. However, in view of the pronouncement in *Highland* and defendants' reliance on it, it is incumbent upon us to clarify our position. To the extent *Highland* holds that *Dillie* alters previously existing law by conferring on trial courts the discretion to defer ruling on a motion for voluntary dismissal until after consideration of any defense motion which could result in dismissal with prejudice, we, like the courts in *Jacobsen v. Ragsdale* (1987), 160 Ill. App. 3d 656, 513 N.E.2d 1112, *Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 513 N.E.2d 12, and *Gibellina v. Handley* (1987), 158 Ill. App. 3d 866, 511 N.E.2d 884, expressly decline to follow it. Instead, we reiterate our adherence to the rule enunciated in *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, and hold that except for the limited exception established in *O'Connell*, the right to a voluntary dismissal without prejudice prior to the commencement of trial is an absolute right which a trial court has no discretion to deny, a position in accord with the weight of authority in this State. *Schmitt v. Motorola, Inc.* (1987), 160 Ill. App. 3d 1059, 513 N.E.2d 1069; *Jacobsen v. Ragsdale* (1987), 160 Ill. App. 3d 656, 513 N.E.2d 1112; *Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 513 N.E.2d 12; *Gibellina v. Handley* (1987), 158 Ill. App. 3d 866, 511 N.E.2d 884; *Kendle v. Village of Downers Grove* (1987), 156 Ill. App. 3d 545, 509 N.E.2d 723; *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634; *Kern v. Peabody Coal Co.* (1987), 151 Ill. App. 3d 807, 502 N.E.2d 1322; *Russ v. Gan-*

*dhy* (1986), 149 Ill. App. 3d 660, 500 N.E.2d 1032; *Davis v. International Harvester Co.* (1985), 139 Ill. App. 3d 264, 487 N.E.2d 385.

Defendants' correlative assertion, that *Kahle* itself "made a significant inroad into the 'absolute' nature of voluntary dismissals" by holding that they are subject to review on appeal, is wholly without merit. As discussed earlier, *Kahle* was an appeal from a voluntary dismissal granted after the trial court had ruled on motions *in limine* and denied the plaintiff's motion for a continuance. In holding that the order was final and appealable, the supreme court reasoned that if the order were not subject to review, there would be no method by which to determine whether the trial court correctly decided, as a matter of law, that a trial had not begun and therefore correctly entered an order of voluntary dismissal. Clearly, the supreme court in *Kahle* did not place any additional restrictions on the right to a voluntary dismissal but simply construed the single limitation imposed by the legislature on the otherwise unfettered common law right to a voluntary dismissal.

Finally, defendants argue that this case exemplifies the continuing abuse by plaintiffs of the privilege of voluntarily dismissing actions without prejudice. They point out that this case has been pending in the court system since 1982 and that they have expended considerable time and money incident to defending against it. They urge that not only would a voluntary dismissal work a severe hardship upon them but would also frustrate the efforts of the trial court to enforce established rules of procedure.

Reviewing courts are not unaware of the potential for abuse of the right to a voluntary dismissal. It has been observed, however, that whether abuse exists turns largely on the perspective of the litigants. (*Jacobsen v. Ragsdale* (1987), 160 Ill. App. 3d 656, 513 N.E.2d 1112; *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634). In any event, as the court stated in *Kahle*:

> "The defendants *** do not control the progress of the case *** [and] [w]hile it is unfortunate that [they] have been inconvenienced, that sometimes happens in our adversary system. As long as the dismissal order is subject to review, the defendants have suffered no legal prejudice. (*Kahle*, 104 Ill. 2d at 307, 472 N.E.2d at 789.)

The court concluded, as we quoted earlier:

> "Any further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court." 104 Ill. 2d at 308, 472 N.E.2d at 789.

Accordingly, and predicated upon the decision of the Illinois Su-

preme Court in *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858, we hold that the trial court erred in denying plaintiff's motion for a voluntary dismissal and entering summary judgment for defendants, and we reverse and remand the cause for further proceedings without consideration of the remaining issues presented for review.

In holding as we do, we call attention to the special instruction of our supreme court laid down in *Gibellina v. Handley*, wherein the court held:

> "[T]he court today announces that, effective as of the date of filing of this opinion and prospectively only, the trial court may hear and decide a motion which has been filed *prior* to a section 2—1009 motion when that motion, if favorably ruled on by the court, could result in a final disposition of the case. This, of course, does not assure an automatic denial of the section 2—1009 motion, for it is quite possible that the opposing party's prior filed motion is without merit; in that case the subsequent 2—1009 motion must be granted. This step by our court is necessitated by the noted abusive use of the voluntary dismissal statute." *Gibellina*, 127 Ill. 2d at 137-38.

Reversed and remanded.

LORENZ and PINCHAM, JJ., concur.